**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Dennis PORTER, Defendant-**
**Appellant.**

**No. 13989.**

United States Court of Appeals
Seventh Circuit.

March 14, 1963.

Rehearing Denied April 16, 1963.

---

J. B. Tietz, Los Angeles, Cal., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Donald Dennis Porter, defendant, has appealed from a judgment of the district court, based on a finding of guilty of the offense of failure to report for induction under 50 U.S.C.A.Appendix, § 462(a), as charged in an indictment.

In seeking a reversal of his conviction, he argues that he presented a prima facie case to his local draft board for a conscientious objector's classification and that the agency file contains no evidence to rebut his claim and none exists. He also argues that he was deprived of any consideration by the local board of his claim and evidence and that he was also deprived of the administrative appellate review provided by law.

On his standard classification questionnaire, filed December 29, 1954, he did not indicate in any manner that he was a conscientious objector to participation in war or to any form of military training. He showed he was a full time high school student and that he was "preparing for a business of some type." On January 17, 1955 he was classified in class 1–A (available for military service).

On October 15, 1959, Indiana Local Board 170 mailed to defendant SSS Form 252, Order to Report for Induction. Upon receipt of this form defendant applied on November 9, 1959, to be transferred to a local board in Washington, D. C., where he was employed as an entertainer. He was so transferred, and on January 6, 1960, he was ordered to report for induction purposes to the Washington, D. C. local board on January 26, 1960. He did not report for induction as ordered, and during January 1960 reported to Indiana Local Board 170 that he had returned to its jurisdiction. On August 1, 1960, defendant was given notice to report to Indiana Local Board 170 on *August 9, 1960,* for the purpose of induction.

On *August 8, 1960,* defendant requested by letter the Special Form for Conscientious Objectors (SSS Form 150) from Indiana Local Board 170, and advised the board that he was a conscientious objector.

On *August 9, 1960,* defendant reported to the office of Indiana Local Board 170, but refused to proceed from there, as instructed by the clerk of said board, to an induction center for induction. While present at the office of Board 170 on that date, defendant wrote the following statement and left it with the clerk of the board:

*August 9, 1960.* "Because of my religious beliefs, I refuse to go be inducted into the Military Service, I did however comply with the command to report."

Donald Porter.

Defendant was indicted under Title 50 U.S.C.A.Appendix, § 462(a) for refusing to submit to induction. His trial and conviction followed.

We considered a similar situation in United States v. Schoebel, 7 Cir., 201 F.2d 31 (1953). The facts in that case were as follows:

" * * * On May 1, 1951, the draft board mailed defendant a notice to report for induction on May 14, 1951. On May 8, 1951, for the first time defendant made claim to the board that he was a conscientious objector. The Board considered his claim, but by a vote of three to nothing refused to reopen his classification. On May 14, 1951, defendant reported for induction, as ordered, but refused to step forward and take the oath. Defendant admits he refused to be inducted.

"Defendant claims that he was ordained a minister and baptized by Jehovah's Witnesses sometime in May, 1951; also that he gave up his job in the shoe factory which paid him $100 a week and is presently engaged in an occupation bringing in much less remuneration."

We pointed out, at 32, that the draft board was charged with exceeding its powers in not reopening Schoebel's case and granting him a hearing on his claim that he was a conscientious objector. Schoebel argued that Congress did not see fit to limit the time when such conscientious objections could mature. We said:

"Apparently defendant's conscientious objections did not mature until after he had been ordered to report for induction, although he claims to have taken instructions in the doctrines advocated by Jehovah's Witnesses as early as 1944. If he did in fact have such conscientious objections or considered himself exempt as a minister, he did not communicate such claims to the draft board prior to May 8, 1951, which was eight days after the order to report for induction had been mailed to him.

"Sec. 1622.1 of Selective Service Regulations provides, 'It is the local board's responsibility to decide, subject to appeal, the class in which each registrant shall be placed. Each registrant will be considered as available for military service until his eligibility for deferment or exemption from military service is clearly established to the satisfaction of the local board. * * *'"

The following language from Schoebel, at 32, is directly applicable to the case at bar:

"The burden is upon a registrant to establish his eligibility for deferment or exemption to the satisfaction of the local board, and to file a timely claim therefor. Deferment being a privilege, it may be abandoned by the holder like any other personal privilege. United States v. Rubinstein, 2 Cir., 166 F.2d 249, 258, certiorari denied 333 U.S. 868, 68 S.Ct. 791, 92 L.Ed. 1146."

In the case at bar, in an attempt to conform to § 1625.2 of the Selective Serv-

ice Regulations, 32 C.F.R. § 1625.2,[1] defendant states in his brief that his conscientious objection to war was crystallizing in *January* 1960. It was then that he informed Mr. Harold Jackson, a minister from the Radio Church of God, of his selective service status and Jackson taught him the biblical principles concerning warfare and service in the armed forces. After proving these teachings to himself, defendant became a conscientious objector. He said that he so informed the clerk of his draft board.

He received notice and order to report at the local board office on August 9, 1960, whereupon he refused to be inducted.

We expressly held in Schoebel, 201 F.2d at 32, that § 1625.2 provides that

"'* * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.' * * *"

We added:

"* * * On oral argument before this court defendant's counsel suggested that conscientious objections resulting from the promptings of a registrant's conscience would be a change in status over which the registrant had no control. We cannot acquiesce in such a strained interpretation of the regulation. There was no other claim of a change in status. The board did not find any change in defendant's status, and therefore in failing to reopen defendant's classification it did not exceed its powers or act in an arbitrary manner."

1. § 1625.2 * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board

 It is not necessary for us in disposing of this appeal to attempt to appraise either the sincerity or veracity of defendant. We base our decision upon only the reasons herein stated. For those reasons the judgment of the district court is affirmed.

Affirmed.

