Donald Dennis PORTER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14498.

United States Court of Appeals Seventh Circuit.

July 28, 1964.

See also 7 Cir., 314 F.2d 833.

---

Ralph K. Helge, Pasadena, Cal., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner-appellant, Donald Dennis Porter, registered with the Indiana Local Board No. 170, Selective Service System, on November 27, 1954, and on December 29, 1954, he filed Standard Classification Questionnaire (SSS Form 100). This questionnaire contains the following statements:

"INSTRUCTIONS TO REGISTRANT.

\* \* \* \* \* \*

"8. After this questionnaire has been returned, report to your local board *at once* any change of address, any change in marital or dependency status, any change in place of employment or occupation, or any other new fact which may affect your classification." [emphasis added]

and

"\* \* \* CONSCIENTIOUS OBJECTION TO PARTICIPATION IN WAR IN ANY FORM

"INSTRUCTIONS.—You should complete this series by signing the statement below, requesting a Special Form for Conscientious Objector (SSS Form No. 150), from the local board, if, by reason of religious training and belief you are conscientiously opposed to participation in war in any form.

"BY REASON OF RELIGIOUS TRAINING AND BELIEF I AM CONSCIENTIOUSLY OPPOSED TO PARTICIPATION IN WAR IN ANY FORM AND FOR THIS REASON HEREBY REQUEST THAT THE LOCAL BOARD FURNISH ME A SPECIAL FORM FOR CONSCIENTIOUS OBJECTOR (SSS FORM No. 150) WHICH I AM TO COMPLETE AND RETURN TO THE LOCAL BOARD FOR ITS CONSIDERATION.

"..................
(Signature)"

Petitioner left this portion of the questionnaire blank.

On January 17, 1955, he was classified 1-A. There was no appeal or objection. That classification was never changed.

On October 15, 1959, Indiana Local Board 170 mailed to petitioner at an address in Chicago, with copy to the residence of his parents in Gary, Indiana, both addresses having been given to the Board by petitioner, SSS Form 52, Order to Report for Induction, on November 10, 1959. Petitioner did receive that order. On November 9, 1959, he applied for transfer to a Local Board in Washington, D. C., where he was then employed. Petitioner's work as an entertainer entailed frequent travel. He states that he became interested in the teachings of the Church of God during the latter part of 1956. In the latter part of 1959, while

he was in Philadelphia, he states he decided to join the Church and began to practice the disciplines advocated by that Church. He was engaged at the time, but postponed his marriage pending approval by the Church. While he was in Washington, D. C., he encountered conflicts between his profession and his chosen religion and late in December, 1959, or early in January, 1960, he left his entertainment work, prior to the end of the tour, to return to Gary, Indiana, and join the Church of God. Thereafter he adopted a completely different type of work to conform to the Church rules. He did not file the Special Form for Conscientious Objectors (SSS Form 150). On January 6, 1960, another induction notice was issued via the Washington Board, which petitioner states he did not receive. In January, 1960, he reported to Indiana Local Board 170 that he had returned.

During January 1960, petitioner states that he was visited by a minister of his newly adopted Church, and as a result of his study of Biblical teachings he became a conscientious objector.

In April, 1960, with the approval of his Church, he married his fiancee, who had a minor child by a previous marriage, and thus petitioner gained two dependents. In 1962 and 1963 two more children were born to petitioner and his wife.

However, petitioner did not notify the Board of his marriage, nor file the requisite SSS Form 150 on his development of conscientious objections. He states that nobody instructed him about the need for filing such form or for notifying his Local Board of changes which might affect his status.

In July, 1960, petitioner did file a notice of his marriage on a form which he states was forwarded to him by his Indiana Local Board.

August 1, 1960, petitioner was given his third notice to report for the purpose of induction. The reporting date was August 9, 1960. On August 8, 1960, petitioner for the first time wrote the Board asking for SSS Form 150, stating that he was a conscientious objector.

He did report on August 9, 1960, but he refused to submit to induction because of his religious beliefs. On December 8, 1960, a minister of petitioner's Church wrote the Local Board explaining the Church's pacifist position and offering to submit additional information if the Board so desired.

Petitioner was indicted under Title 50 App., U.S.C. § 462(a), tried and convicted. That conviction was affirmed on appeal. United States v. Porter, 7 Cir., 1963, 314 F.2d 833.

Petitioner subsequently filed a motion to vacate his sentence under Title 28 U.S.C. § 2255 on the ground that, unknown to him earlier, the Local Board had never convened to consider the additional data he filed concerning his religious convictions or his change in marital status. Petitioner has appealed to this Court from denial of his motion in the U. S. District Court.

■ The government's position is that under Title 32, Code of Federal Regulations, § 1625.2, a local board shall not reopen the classification of a registrant after mailing him an Order to Report for Induction unless the Local Board first specifically finds that there has been a change in status over which the registrant has no control. United States v. Schoebel, 7 Cir., 1953, 201 F.2d 31, 32–33.

We find persuasive the government's arguments that marriage and development of conscientious objections after an Order to Report do not amount to such changes in status. Petitioner argues to the contrary. He feels that had the Local Board issued an SSS Form 150, when he finally requested one after his third notice to report, and had the Local Board convened to consider formally the evidence of his marriage and specifically the acquisition of a dependent stepchild along with the development of the religious scruples described above, the Board might have found that these were changes beyond his control. We cannot agree. United States v. Schoebel, supra.

■ The government further argues that failure to consider formally the evi-

dence of a change does not amount to denial of due process, as petitioner contends here, where petitioner has failed to report his marriage promptly and to file a timely SSS Form 150, as directed. Failure to notify the Board of changes in apt time has been construed to constitute a waiver of claim for consideration. United States v. Porter, supra, 314 F.2d p. 835, and cases there cited.

After careful study of the record, we are constrained to conclude that the evidence submitted by the petitioner was legally insufficient to cause re-opening of his classification. Any procedural irregularity which may have occurred here did not result in prejudice to petitioner and thus did not attain to the gravity of a denial of due process. Martin v. United States, 4 Cir., 1951, 190 F.2d 775, 779.

We have considered with care all the points and authorities cited by the petitioner. Nevertheless, we believe that petitioner is not entitled to the relief he seeks. The order of the District Court is affirmed.

Affirmed.