UNITED STATES of America,
Appellee,

v.

Thaddeus GRIFFIN, Jr., Appellant.

No. 494, Docket 30598.

United States Court of Appeals
Second Circuit.

Argued June 6, 1967.

Decided June 26, 1967.

Joshua Koplovitz, New York City (Anthony F. Marra, New York City), for appellant.

Asst. U. S. Atty. John S. Alee (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Asst. U. S. Atty. Michael W. Mitchell, of counsel), for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

This is another case where a registrant has sought to justify refusal to submit to induction into the armed forces, 50 U.S.C.App. § 462(a), by a belated claim of conscientious objection. We find no basis for upsetting the verdict of the jury to whom the case was tried in the District Court for the Southern District of New York.

Griffin, then 18, registered in August, 1960, with a Selective Service local board in Detroit, Michigan. He listed 5025 Seabaldt as his address and was notified of his obligation promptly to advise the local board of any change. Three years later the board mailed to the Seabaldt address a classification questionnaire, which of course contained provision for a claim of conscientious objection; however, Griffin had moved without notifying the board. The Post Office forwarded the questionnaire to 2510 W. Buena Vista, an address Griffin had given to it but not to the board, but it was returned, marked "Moved—Left No Address," because Griffin had moved again, this time without notifying even the Post Office. Between October 1963 and May 1964, the board sent *seriatim* a notice of 1–A classification, an order to report for physical examination, a delinquency notice, and an order to report for induction; all were returned by the Post Office with the same notation. On August 31, 1964 the board received a letter from Griffin advising it of a new address in care of a friend on W. 116th Street in New York City. The board responded the same day with a new classification questionnaire as well as the notice of 1–A classification (which set forth the procedures for challenging the classification) and the delinquency notice and requested that the questionnaire be filled out and returned forthwith. The Post Office did not return this letter to the board, but Griffin made no response. On September 16 the board again wrote him at the W. 116th Street address, requesting return of the questionnaire and advising that otherwise his case would be referred to the United States Attorney for further action; the letter was not returned but Griffin did not answer. Two weeks later the board sent a new order to report for immediate induction which the postal authorities returned. Nearly a year later, the F.B.I. located Griffin in Brooklyn and he agreed to report at the New York City Induction Center. After passing the physical and mental examinations, he refused to submit to induction on the ground, advanced for the first time, that he was a Black Muslim and his religion would not permit him to serve. The lieutenant in charge of the center explained the serious consequences of his action and suggested that he go home and think it over. Griffin

returned the next day but persisted in his refusal.

A fundamental principle of the Selective Service System is that "it is the local board's responsibility to decide, subject to appeal, the class in which each registrant shall be placed." 32 C.F.R. § 1622.1(c) (1962). This principle is appropriately implemented by the procedural provision that "the mailing by the local board of a Classification Questionnaire (SSS Form No. 100) to the latest address furnished by a registrant shall be notice to the registrant that unless information is presented to the local board, within the time specified for the return of the questionnaire, which will justify his deferment or exemption from military service the registrant will be classified in Class 1-A." Ibid. The board offered Griffin two opportunities to claim conscientious objection, first by the mailing of a questionnaire on October 2, 1963, which he failed to receive because of breach of his duty to advise the board of his changed address, and second by the renewed mailing of a questionnaire on August 31, 1964, which the jury was entitled to find he had received. Aside from this, Griffin was free at all times to inform the board of his antiwar scruples. Yet, so far as the record shows, Griffin has never raised a claim of conscientious objection before the local board. His case differs from United States v. Gearey, 368 F.2d 144 (2 Cir. 1966), both in that respect, see United States v. Garland, 364 F.2d 487 (2 Cir.), cert. denied, 385 U.S. 978, 87 S.Ct. 521, 17 L.Ed.2d 440 (1966), and in the lack of any claim that his religious objection represented a recently changed condition which he had promptly reported. To the contrary, the officer who located him in Brooklyn and later arrested him at the induction center testified that on the latter occasion Griffin said that he "never had any intention of serving in the Armed Forces" but "would not make this—his decision clear until the proper time." 32 C.F.R. § 1642.14, which we quote in the margin,[1] does not assist Griffin. He was not "classified in or reclassified into Class I-A * * * *under the provisions of this part*," 32 C.F.R. Part 1642, relating to delinquents, and the reopening is discretionary with the local board in any event. There remains only the claim that the lieutenant at the induction center did not instruct Griffin that he might still be able to present his conscientious objection claim to the local board. In our view the lieutenant said nothing wrong; in any event the papers sent by the local board had fully informed Griffin of his rights and the armed forces are neither required to provide further legal advice nor responsible for error in any that is tendered.

Affirmed.

1. *"Personal appearance, reopening, and appeal.*

(a) When a delinquent registrant is classified in or reclassified into Class I-A or Class I-A-O under the provisions of this part, a personal appearance may be requested and shall be granted under the same circumstances as in any other case.

(b) The classification of a delinquent registrant who is classified in or reclassified into Class I-A or Class I-A-O under the provisions of this part may be reopened at any time before induction in the discretion of the local board without regard to the restrictions against reopening prescribed in § 1625.2 of this chapter.

(c) When a delinquent registrant is classified in or reclassified into Class I-A or Class I-A-O under the provisions of this part, an appeal may be taken under the same circumstances and by the same persons as in any other case."