UNITED STATES of America, Plaintiff,

v.

Ardith Alvin DAVIS, Defendant.

Crim. No. 4–1231–C.

United States District Court S. D. Iowa, Central Division.

March 18, 1968.

94

James P. Rielly, U. S. Atty., Des Moines, Iowa, for plaintiff.

Dan Johnston, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION

STEPHENSON, Chief Judge.

On December 5, 1967, the Grand Jury indicted the defendant, Ardith Alvin Davis, on the charge of wilfully and knowingly failing and neglecting to comply with an order of his local board to report for and submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. § 462. The defendant waived a jury trial in writing and requested that he be tried by the Court. The Government consented thereto. The cause was tried to the Court on January 30, 1968.

The chronological sequence of events giving rise to the charge herein was brought out at trial and stands largely undisputed. Defendant first registered with the Selective Service System on November 27, 1959, at Local Board No. 57 of Oklahoma City, Oklahoma, which later became Local Board No. 119 and hereafter referred to as Local Board. After entering Westmar College, Le Mars, Iowa, in September 1960, defendant received a student deferment and was classified II–S. Defendant was retained in the II–S classification from July 21, 1961 until January 2, 1962, at which time the Local Board received a communication from the United Theological Seminary, Dayton, Ohio, certifying that defendant was enrolled in advance and was to enter said institution on completion of his pre-theological training at Westmar College. On this basis defend-

ant's Local Board classified him as a ministerial student, IV–D. Defendant, however, by his own testimony decided not to study for the ministry in the summer of 1963, but failed to notify his Local Board of this change in his intentions. In September 1964, the defendant began graduate work in sociology at the University of Iowa and was reclassified II–S in November 1965. Upon notification by the University of Iowa in March 1966, that defendant had registered as a part-time student (Exhibit 1–C), the Board reclassified defendant into Class I–A(4). This classification was appealed by the defendant (Exhibit 1–D), and the Appeal Board put defendant back into Class II–S until February 1, 1967, the date listed by defendant for completion of his graduate work.

In May 1966, the Local Board received notification from defendant and James F. Loper, Dean, that defendant had accepted a teaching position at Muscatine Community College for the 1966–67 school year. This information was not acted on at that time, but was forwarded to the Appeal Board which had the appeal referred to above before it. Upon completion of the period granted by the Appeal Board for retaining defendant in Class II–S, the Local Board reclassified defendant I–A. Defendant appealed again requesting an occupational deferment and transfer to the Appeal Board having jurisdiction over Muscatine, Iowa (Exhibit 1–F). On appeal defendant was granted a II–A, occupational deferment, until June 15, 1967. Defendant had previously been ordered to report for his Armed Forces physical (Exhibit 1–J), which he did, and was found qualified (Exhibit 1–K).

On June 6, 1967, defendant was reclassified I–A(4) by his Local Board. Defendant again appealed and requested a further occupational deferment on the basis he would be teaching at Muscatine Community College during the 1967–68 school year (Exhibit 1–M). Defendant's request was denied on appeal and he was retained in Class I–A.

On August 9, 1967, the Local Board mailed defendant an Order to Report for Induction (Exhibit 1–O). On August 11, 1967, the Local Board received a letter from defendant dated and postmarked August 8, 1967 (Exhibit 1–P) stating:

"I wish to apply for classification as a conscientious objector to war and militarism. Please send Form 150 immediately."

This was the first indication the Local Board had that defendant was claiming exemption as a conscientious objector. The Clerk of the Local Board did not send a Form 150 as requested, but consulted with members of the Board who informed her that the defendant should be advised to make a more complete statement, i. e., whether his conscientious objection related to religious or pacifist beliefs before sending Form 150. Defendant was advised of this in a telephone conversation August 15, 1967. On that same date, defendant mailed a second request for Form 150 complying with the Local Board instructions, but, before receiving his Form 150 from his Local Board, he obtained one from a Selective Service Board in Muscatine, Iowa. The Form 150 filled out by defendant (Exhibit 1–Q) was received by the Local Board August 21, 1967. In addition, numerous letters were received from clergymen, friends and colleagues of the defendant testifying to his sincerity.

Shortly after sending the Form 150 to his Local Board, the defendant wrote a letter (Exhibit 1–R) to Col. Herbert Hope, Oklahoma State Director of the Selective Service System, stating in part:

"I wish to describe to you my current status within the Selective Service System in hope that you will act in the best national interest to see that my lawful appeal rights are secured."

Pursuant to this request Col. Hope undertook to appeal in defendant's behalf (Exhibits 1–S and 1–T). Upon being notified of this, however, defendant requested that his Form 150 be considered

under the normal procedure and no appeal be taken on his behalf (Exhibit 1–U). The Local Board reviewed defendant's file and his Form 150, and, in a letter dated September 11, 1967, informed defendant of their decision that his classification not be reopened (Exhibit 1–W). In a letter dated September 13, 1967, defendant notes his receipt of the above letter notifying him of the denial of the Local Board and requests a personal appearance before the Local Board. Defendant's request for a personal appearance was not acknowledged, but Col. Hope initiated an appeal in defendant's behalf to insure his procedural rights (Exhibit 1–X). The Oklahoma Western Appeal Board classified defendant in Class I–A by a unanimous vote and his Local Board mailed him a new Order to Report for Induction (Exhibit 1–Z).

The induction location was transferred to Iowa at the request of defendant, where, on November 7, 1967, the date set for induction, defendant refused to be inducted into the Armed Forces. It is not disputed by defendant that he did, on the above date, refuse to submit to induction in violation of an Order of his Local Board (Exhibit 1–DD) as charged in the indictment.

Both at the end of the prosecution's evidence and the completion of all the evidence, defendant moved for judgment of acquittal by written motion. The essence of the defendant's motion for acquittal is that the Local Board acted improperly and illegally in refusing to reopen and reclassify defendant after receipt of his claim for conscientious objector status, thereby rendering the Order of the Local Board void and outside its jurisdiction. The illegality of the action of the Local Board in refusing to reopen defendant's classification is likewise a necessary prerequisite to the contention of defendant that he was denied procedural due process in not being granted a personal appearance, because a valid refusal to reopen carries with it no right of personal appearance or appeal. 32 C.F.R. § 1625.4 [1]. See also United States v. Beaver, 309 F.2d 273 (4th Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). The right of personal appearance and appeal is available only when there has been a reopening and classification. 32 C.F.R. § 1625.11,[2] § 1625.13.[3]

The Court, however, does not reach this question in the first instance. It is contended by the prosecution that any consideration by the Local Board of the

1. § 1625.4 Refusal to reopen and consider anew registrant's classification.
 When a registrant, * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification and shall place a copy of the letter in the registrant's file. No other record of the receipt of such a

request and the action taken thereon is required.

2. § 1625.11 Classification considered anew when reopened.
 When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified. Such classification shall be and have the effect of a new and original classification even though the registrant is again placed in the class that he was in before his classification was reopened.

3. § 1625.13 Right of appeal following reopening of classification.
 Each such classification shall be followed by the same right of appearance before the local board and the same right of appeal as in the case of an original classification.

defendant's claim as a conscientious objector was restricted by 32 C.F.R. § 1625.2, which provides:

§ 1625.2. When registrant's classification may be reopened and considered anew.

The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; * * * *provided,* * * * *the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252 * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.* (Emphasis added)

The validity and reasonableness of § 1625.2 has been uniformly upheld by the courts and is not here attacked by the defendant. Davis v. United States, 374 F.2d 1, 4 (5th Cir. 1967); Parrott v. United States, 370 F.2d 388, 394 (9th Cir. 1966); United States v. Taylor, 351 F.2d 228, 230 (6th Cir. 1965); United States v. Porter, 314 F.2d 833, 836 (7th Cir. 1963); United States v. Schoebel, 201 F.2d 31, 32 (7th Cir. 1953); Keene v. United States, 266 F.2d 378, 383 (10th Cir. 1959). Defendant, however, contends § 1625.2 is not applicable in the present case.

 As noted above, the Local Board mailed defendant an Order to Report for Induction on August 9, 1967. On August 11, 1967, the Local Board received a letter from defendant (Exhibit 1–P) postmarked August 8, 1967, indicating his intention to apply for the classification as a conscientious objector and requesting the appropriate form. The defendant contends the date of the mailing of the above letter was controlling, and, being timely, placed a duty on the Local Board to reopen. The Court disagrees with this argument. The regulation is not permissive, but mandatory, and divests the Local Board of jurisdiction to reopen the classification of a registrant after the mailing of an Order to Report for Induction "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." [4] The denial of a reopening by the Local Board was in itself a finding that defendant lacked the prescribed change in status due to "circumstances over which the registrant had no control." The development of conscientious objections is not a change in status beyond the control of a registrant. United States v. Helm, 386 F.2d 434, 435 (4th Cir. 1967); Davis v. United States, supra; United States v. Al-Majied Muhammad, 364 F.2d 223, 224 (4th Cir. 1966); Parrott v. United States, supra; United States v. Porter, supra.

 Further, even assuming the letter (Exhibit 1–P) written by defendant was timely, it did nothing more than indicate an intention to apply for a classification of conscientious objector and did not constitute a "written request" for reopening under § 1625.2. See generally, United States v. Tucker, 374 F.2d 731, 733 (7th Cir. 1967). The Local Board must receive a "written request * * accompanied by written information presenting facts not considered when the registrant was classified," before it is required to even consider the reopening of a registrant's classification. Shaw v. United States, 264 F.2d 118, 119 (9th Cir. 1959). Such a request was not before the Local Board in this case until receipt on August 21, 1967, of the Selec-

4. In Keene v. United States, 266 F.2d 378 (10th Cir. 1959), this requirement of § 1625.2 was held applicable where the registrant mailed a letter to his local board concerning conscientious objections to war on the same day the local board mailed the registrant an Order to Report for Induction.

tive Service Form 150 from defendant.[5] See Keene v. United States, supra 266 F.2d at 384. Therefore, the Local Board could consider defendant's application for conscientious objector status only under the proviso of § 1625.2(b).

■■■ In addition, defendant failed to comply with 32 C.F.R. § 1625.1(b) in claiming conscientious objector status. Section 1625.1(b) provides that "Each classified registrant * * * shall, within ten days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification such as, but not limited to, any change in his occupational, marital, military or dependency status, or in his physical condition." Exemption from military service is a matter of legislative grace, and it has been held that an exemption by reason of a change in conscience must be timely asserted or is waived under the requirements of § 1625.1(b). United States v. Beaver, supra 309 F.2d at 276; United States v. Corliss, 280 F.2d 808, 813 (2d Cir. 1960), cert. denied, 364 U. S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960); Keene v. United States, supra 266 F.2d at 384. It appeared from the evidence at trial that the defendant had fully developed his alleged conscientious objector beliefs by May and June 1967. It was in May 1967 that he consulted with Richard Hutchins, Professor of Law at the University of Iowa Law School, in regard to preparing a Form 150 application for conscientious objectors. Yet, in June 1967, when his occupational deferment had ended and he was reclassified

I–A, the defendant again sought an occupational deferment from his Local Board. When the Local Board denied defendant an occupational deferment, he appealed his I–A classification (Exhibit 1–M).[6] At no time during these proceedings and the correspondence of defendant with his Local Board did defendant mention a change in conscience. It was not until the letter of defendant (Exhibit 1–P), dated August 8, 1967, that the Local Board was made aware of any claim by defendant for conscientious objector status. Thus, defendant failed to meet the 10 day requirement of § 1625.1(b) and is thereby precluded from later asserting such a change in status as a basis for exemption.

On the above grounds it is clear that defendant's motion for acquittal is without merit. Although it is not necessary to consider further the contentions of defendant, the Court does not desire to rest its decision solely on the procedural requirements of the Regulations. For this reason the Court will discuss the primary argument made by defendant in his motion. Therefore, assuming defendant's claim for conscientious objector status was not restricted or precluded by §§ 1625.1 and 1625.2 of the Regulations, the question is whether the Local Board acted arbitrarily and capriciously in denying the reopening of defendant's classification, thereby depriving defendant of the procedural right of personal appearance and other rights on the appeal for a conscientious objector status. See 32 C.F.R. § 1626.-25.

5. Defendant argues that to so hold in this case would allow local boards to arbitrarily send a registrant an Order to Report for Induction whenever the local board received a request for a conscientious objector Form 150 from a registrant thereby cutting off the normal procedural rights of the registrant. This Court, however, will not presume that the local boards would act arbitrarily in such circumstances, and, further, finds that such was definitely not the case under the facts now before the court.

6. It is also contended by defendant that by not requesting a transfer of his appeal to an appeal board in Iowa, which, he asserts, would *probably* have granted him an occupational deferment, he indicated his feeling "that, because of his beliefs, his proper classification was conscientious objector, and that any other classification was not consistent." The Court finds this contention without merit. Defendant did, in fact, appeal his claim for occupational deferment, and his decision not to request a transfer of such appeal was irrelevant.

As a preliminary matter, the Court notes the general principles governing the review of actions by selective service boards as stated by the Supreme Court in Witmer v. United States, 348 U.S. 375, 378, 380–382, 75 S.Ct. 392, 395–396, 99 L.Ed. 428 (1955).

"The primary question here is whether, under the facts of this case, the narrow scope of review given this Court permits us to overturn the Selective Service System's refusal to grant petitioner conscientious objector status. It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgment on the weight of the evidence for those of the designated agencies. Nor should they look for for substantial evidence to support such determinations. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 [1953]. The classification can be overturned only if it has 'no basis in fact.' * *. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant. It is 'affirmative evidence * * * that a registrant has not painted a complete or accurate picture * * *.' "

See also Batterton v. United States, 260 F.2d 233, 236 (8th Cir. 1958). It cannot be said that the Local Board classification of defendant into Class I–A in June 1967, was without a "basis in fact," and defendant does not so claim. Defendant exhausted his administrative remedies in his claim for an occupational deferment at that time, and was accorded full procedural due process.

It is claimed by defendant, however, that the Local Board acted arbitrarily and capriciously in refusing to reopen his classification upon receipt of his letter of August 8, 1967 (Exhibit 1–P) and his Form 150 application for conscientious objector status (Exhibit 1–Q). Defendant contends the Form 150 makes a prima facie case for conscientious objector status and, therefore, could not be denied without reopening and reconsidering his classification.

▮ In the denying a reopening the Local Board may not act arbitrarily, and, as in the case of an original classification, must have a "basis in fact" for its determination. United States v. Ransom, 223 F.2d 15, 17 (7th Cir. 1955); Olvera v. United States, 223 F.2d 880, 883 (5th Cir. 1955). The minutes of the Local Board (Exhibit 1–A contains the following statement of their action on September 7, 1967, in regard to defendant:

"Rec'd letter from State Director to be considered also at the Local Board meeting. Local Board considered completed SSS 150 and new information submitted and contents of the registrant's cover sheet. It was the decision of the board that the registrant's classification not be re-opened."

Thus, the Local Board did not record their reasons for denial, and were not required to do so. 32 C.F.R. § 1625.4.[7] This places the duty on the Court to search the record for "some affirmative evidence to support the rejection of the claimed exemption, or something in the record which substantially blurs the picture painted by the registrant and casts doubt on his sincerity or the genuineness of his claim." Batterton v. United States, supra 260 F.2d at 237.

▮ Upon examination of defendant's selective service file (Exhibit 1), the one fact which stands out from all others is the lateness of his claim for conscientious objector status. Over the years defendant had obtained numerous deferments on various grounds, but it was not until August 9, 1967, one month after his last claim for an occupational deferment had been denied and four months before turning age 26, that the defendant first notified his Local

7. Supra note 1.

Board of his conscientious objections to war. The Court is cognizant of the fact, as was the Local Board, that under current policy defendant would be free of his military service obligation for all practical purposes after age 26. Such a delay by a registrant in making a claim of conscientious objection until military service is imminent is a material fact for consideration by the Local Board in evaluating the sincerity and good faith of the registrant's claim. Salamy v. United States, 379 F.2d 838, 842 (10th Cir. 1967); United States v. Gearey, 379 F.2d 915, 919 (2d Cir. 1967); United States v. Corliss, supra; Campbell v. United States, 221 F.2d 454, 457 (4th Cir. 1955). As was pointed out by the Tenth Circuit in Salamy v. United States, supra 379 F.2d at 842, "A prima facie case of registrant's sincerity is not made merely by a statement of his beliefs, without more, for his earnestness may be called into question, as here, by the very untimeliness of their assertion." Further, the "sudden emergence of fully matured religious objections to military service, so soon after a deferment has been denied on an entirely unrelated ground, is a critical factor to consider in evaluating a registrant's sincerity." Salamy v. United States, supra.

With the above considerations in mind, this Court cannot say the denial of a reopening by the Local Board was without a "basis in fact". It is not the duty of the Court "to weigh the evidence * *. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous." Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1945). There being a "basis in fact" for the Local Board's action in denying the reopening of defendant's classification, the claim of defendant that the Local Board acted arbitrarily and capriciously is without merit. It appears to the Court that every effort was made by the Selective Service System to accord the defendant every procedural right available to him even to the extent of taking an appeal in his behalf from the denial of the reopening which otherwise would not have been available.

Therefore, it is clear defendant's motion for acquittal should be and is hereby denied on all the above grounds.

The Court finds the defendant, Ardith Alvin Davis, guilty as charged in Count I of the indictment.

Defendant will remain at liberty on his present bond pending the completion of a presentence investigation, after which defendant will be ordered to appear for sentencing.