Application of W. Edward **MORGAN** on behalf of Luis Moreno Lizarraga, Serviceman, **Petitioner-Appellant,**

v.

G. V. **UNDERWOOD,** Maj. General, Commanding Officer, Fort Bliss, Texas, et al., **Respondents-Appellees.**

No. 26728.

United States Court of Appeals Fifth Circuit.

Feb. 7, 1969.

W. Edward Morgan, Tucson, Ariz., for appellant.

Ernest Morgan, U. S. Atty., Ray Caballero, Asst. U. S. Atty., El Paso, Tex., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

■ By the route of habeas corpus, Luis Moreno Lizarraga seeks his release from the United States Army. Unsuccessful in the court below, Lizarraga has appealed to this Court. We have carefully studied the briefs and record, and have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

On the basis of the briefs and record, we proceed to the merits of the case. The appellant contends that his petition for a writ of habeas corpus should have been granted because his retention by the United States Army is illegal. He asserts that his induction was illegal because his draft board should have classified him as a conscientious objector or, alternatively, should have given him a fatherhood deferment. He also argues that the Selective Service Act, 50 U.S. C.A. App. § 451 et seq., is unconstitutional.

■ We begin by noting that a person can challenge the correctness of his classification after his induction into the Armed Forces by a habeas corpus

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion.

For a general discussion of the need for and the propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158 [January 2, 1969].

petition. See Oestereich v. Selective Service System Local Board No. 11, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402 [No. 46 December 16, 1968]; Powers v. Powers, 5 Cir. 1968, 400 F.2d 438. In making this challenge, however, a petitioner has the difficult burden of showing that his local board had "no basis in fact" for classifying him "I-A: Available for Military Service." Matyastik v. United States, 5 Cir. 1968, 392 F.2d 657; Jones v. United States, 5 Cir. 1968, 387 F.2d 909, 911. Here we find on the face of the appellant's petition and supporting brief sufficient evidence to conclusively establish that his local board had a "basis in fact" for refusing to classify him as a conscientious objector.[2]

■ We also find that the appellant's claim that he should have been given a fatherhood deferment is without merit. The appellant waived his right to such classification when he failed to give timely notice to his local board of his wife's pregnancy. In United States ex rel. Tomback v. Bullock, E.D.Ill.1953, 110 F.Supp. 698, 703, we read:

"Insofar as this petition is concerned, petitioner's objections to the actions of the Local Board date from August 29, 1952, when he was first ordered to report for induction. A few days after that order was issued, petitioner informed his Local Board that his wife was pregnant, and, shortly thereafter, he submitted a physician's certificate attesting to the pregnancy. Selective Service System Regulation 1622.30 provides:

'(a) In Class III-A shall be placed any registrant who has a child or children with whom he maintains a bona fide family relationship in their home.

\*    \*    \*    \*    \*    \*

'(c)(1) The term "child" as used in this section shall include a legiti-

mate or an illegitimate child from the date of its conception. \* \* \*

'(2) No registrant shall be placed in III-A because he has a child which is not yet born, *unless prior to the time the local board mails him an order to report for induction,* there is filed with the local board the certificate of a licensed physician stating that the child has been conceived, the probable date of its delivery, and the evidence upon which his positive diagnosis of pregnancy is based.' [Italics added]

Since petitioner did not file with the Local Board a physician's certificate prior to the time he was ordered to report for induction, the Local Board properly refused to change petitioner's classification."

■ At the time of his induction, the appellant's wife was seven months pregnant, but until that date he had never notified his local board of her condition. Thus there is no factual basis on which it may be concluded that there was a "change in the registrant's status resulting from circumstances beyond his control" within the meaning of 32 C.F.R. § 1625.2(b), such as to require his local board to reopen his case after he had received the order to report for induction. See United States v. Helm, 4 Cir. 1967, 386 F.2d 434, cert. den., 1968, 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153.

■ The appellant's ultimate argument is that the Selective Service Act and the procedures promulgated thereunder are unconstitutional. The Supreme Court has already passed on and rejected this contention. In United States v. Nugent, 1952, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, we read:

"The Selective Service Act is a comprehensive statute designed to provide an orderly, efficient and fair procedure to marshal the available manpower of the country, to impose a common obligation of military service on

---

2. For an excellent discussion of the state of mind a registrant must have to be entitled to classification as a conscientious

objector, see Kessler v. United States, 5 Cir. 1968, 406 F.2d 151 [January 13, 1969].

all physically fit young men. It is a valid exercise of the war power. It is calculated to function—it functions today—in times of peril. Even so, Congress took care to provide special treatment for those who could not reconcile participation in the defense effort with their religious beliefs—if those beliefs were a matter of sincere conviction. Profiting from the experiences of the First World War, Congress adopted a new and special procedure to secure the rights of conscience, which had been given express statutory recognition.

"It is always difficult to devise procedures which will be adequate to do justice in cases where the sincerity of another's religious convictions is the ultimate factual issue. It is especially difficult when these procedures must be geared to meet the imperative needs of mobilization and national vigilance —when there is no time for 'litigious interruptions'. Falbo v. United States, 1949, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. Under the circumstances presented, we cannot hold that the statute, as we construe it, violates the Constitution." 346 U.S. at 9–10, 73 S.Ct. at 996, 97 L.Ed. at 1424–1425.

See also Simmons v. United States, 5 Cir. 1969, 406 F.2d 456 [January 9, 1969].

After a careful examination of the briefs and record, we have considered all of the appellant's specifications of error and have found all of them to be without merit. The judgment of the district court is therefore

Affirmed.

## APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.