John Wesley **BATTISTE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25704.

United States Court of Appeals
Fifth Circuit.

April 3, 1969.

Rehearing Denied May 7, 1969.

**912**

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

Charles B. Lewis, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was convicted for violation of the Universal Military Training and Service Act, 50 U.S.C. App. § 462(a), for failure to comply with an order of his local Selective Service board to report for and submit to induction. Upon a consideration of the numerous objections raised by appellant, we affirm the judgment of the court below.

Appellant's Selective Service file reveals that he was reclassified I–A on April 20, 1966. On May 9, 1966, appellant was ordered to report for a physical examination on May 26, 1966. He did not report for the physical examination, and as a result his local board declared him delinquent and mailed him a delinquency notice on June 2, 1966. On June 8, 1966, he filed a change of address with the local board and advised the board that he was "out of jail under bond awaiting trial." His attorney also advised the board that appellant had been arrested on April 4, 1966, in Cordele, Georgia, on a disorderly conduct charge, and that his trial was pending.

On June 9, 1966, appellant, by virtue of his delinquency status, was mailed an order to report for induction on June 30, 1966. He obtained a transfer of the order to report for induction to Cordele, Georgia, where he was to report on July 11 or July 12, 1966. He reported for induction on both days, but was rejected on July 12, pending a moral waiver by the Army, apparently necessitated by the April arrest.

On August 8, 1966, appellant wrote to his local board in South Carolina advising that he had married on June 26, 1966 and that his wife had a son. The clerk did not refer this letter to the board. The local board, on August 17, 1966, in response to a memorandum from state headquarters, sent appellant's Selective Service file to state headquarters for review. Appellant was not notified of this action.

In December, 1966, the Army issued a moral waiver and authorized appellant's induction into the armed services. On January 13, 1967, appellant's local board advised him that he had been found acceptable and ordered him to report for induction on January 26, 1967. Four days later, on January 17, 1967, appellant wrote the board requesting a reopening and reconsideration of his I–A classification on the ground that "I am a father.

My wife is pregnant. She is expecting within the next few weeks." He enclosed a copy of his letter of August 8, 1966, advising the board that he was married and that his wife had a son. The clerk of the local board, without referring this letter to the board, wrote appellant that he had been declared a delinquent on June 2, 1966, and that "delinquency status relinquishes any rights or claim of a registrant for another classification." Appellant again obtained a transfer to the local board in Cordele, Georgia, for purposes of induction, and on February 9, 1967, he refused to take the ceremonial step forward and submit to induction.

 Appellant maintains that the failure of the clerk to bring the information contained in his letters of August 8 and January 17 to the attention of the board constitutes a denial of due process and of the rights guaranteed him by the Act and the applicable regulations. We agree that the failure of the clerk to refer this information to the board cannot be justified by appellant's status as a delinquent or by the fact that his file had been forwarded to state headquarters for review. It is true that a declaration of delinquency status under 32 C.F.R. § 1642.4 carries with it several consequences for the registrant. The delinquent registrant may be classified in or reclassified into Class I–A or Class I–A–O if he has not already been so classified, 32 C.F.R. § 1642.12,[1] and "shall" be ordered by his local board in some instances to report for induction, 32 C.F.R. § 1642.13.[2] But nothing in the statutory or regulatory schemes suggests that the registrant ordered to report for induction due to delinquency is to be denied the right accorded other registrants to have his local board consider a post-induction-order request for reopening. The principal regulation governing requests for reopening, 32 C.F.R. § 1625.2,[3] draws no such distinction, but explicitly authorizes the local boards to reopen and

---

1. 32 C.F.R. § 1642.12 provides:

 Any delinquent registrant between the ages of 18 years and 6 months and 26 years and any delinquent registrant between the ages of 26 and 28 who was deferred under the provisions of section 6(e)(2)(A) of the Universal Military Training and Service Act, as amended, which were in effect prior to September 3, 1963, and any delinquent registrant between the ages of 26 and 35 who on June 19, 1951, was, or thereafter has been or may be, deferred under any other provision of section 6 of such Act, including the provisions of subsection (c)(2)(A) in effect on and after September 3, 1963, may be classified in or reclassified into Class I–A or Class I–A–O, whichever is applicable, regardless of other circumstances: *Provided,* That a delinquent registrant who by reason of his service in the Armed Forces is eligible for classification into Class IV–A may not be classified in or reclassified into Class I–A or Class I–A–O under this section unless such action is specifically authorized by the Director of Selective Service.

2. 32 C.F.R. § 1642.13 provides:
 § 1642.13 *Certain delinquents to be ordered to report for induction.*
 The local board shall order each delinquent registrant between the ages of 18 years and 6 months and 26 years and each delinquent registrant between the ages of 26 and 28 who was deferred under the provisions of section 6(c)(2)(A) of the Universal Military Training and Service Act, as amended, which were in effect prior to September 3, 1963, and each delinquent registrant between the ages of 26 and 35 who on June 19, 1951, was, or thereafter has been or may be, deferred under any other provisions of section 6 of such Act, including the provisions of subsection (c)(2)(A) in effect on and after September 3, 1963, who is classified in or reclassified into Class I–A or Class I–A–O to report for induction in the manner provided in section 1631.7 of this chapter unless (a) it has already done so, or (b) pursuant to a written request of the United States Attorney, the local board determines not to order to such registrant to report for induction.

3. 32 C.F.R. § 1642.14(b), discussed *infra,* governs reopening of the classification of registrants classified I–A or I–A–O because of delinquency.

consider anew the classification of "a registrant." We think it plain that the regulation extends to any registrant, regardless of delinquency, and that the clerk's failure to refer appellant's letter to the board was not excusable because he had been previously declared a delinquent.

■■ Nor was the failure to refer the information to the board excusable because appellant's file had been forwarded to state headquarters for review. The clerk testified that "the board could take no action on anything about the registrant unless they had all the information on hand, which they did not have." But the information submitted by appellant in his letters would have enabled the board to consider the request for a reopening within the narrow limits prescribed by 32 C.F.R. § 1625.2, as distinguished from the more significant act of actually reopening and considering anew the registrant's classification. *See* Chaney v. United States, 5th Cir. 1969, 406 F.2d 809, p. 813, n. 1. If that limited inquiry revealed that more information was necessary, steps could have been taken to postpone appellant's induction or to otherwise assure that the case was properly considered. In any event, the internal operating procedures of the Selective Service System cannot be invoked to deny rights guaranteed registrants by the Act and the applicable regulations. Accordingly, we conclude that the failure of the clerk to transfer the information to the local board was error.

■ The critical question remains, however, whether the procedural irregularity was prejudicial. Porter v. United States, 7th Cir. 1964, 334 F.2d 792, 795; Rowton v. United States, 6th Cir. 1956, 229 F.2d 421. Appellant maintains that the information contained in the two letters required a reopening of his case and entitled him to reclassification into Class III–A on the basis of fatherhood. The letter of January 17, 1967, however, afforded no basis for reopening appellant's classification. It stated that he was a father, that his wife was pregnant and was expecting within the next few weeks. 32 C.F.R. § 1622.30(c) (3) provides:

No registrant shall be placed in Class III–A under paragraph (a) of this section because he has a child which is not yet born unless *prior to the time the local board mails him an order to report for induction* which is not subsequently cancelled there is filed with the local board the certificate of a licensed physician stating that the child has been conceived, the probable date of its delivery, and the evidence upon which his positive diagnosis of pregnancy is based. (Emphasis added)

In addition to the previous order issued in June, 1966, another order to report for induction was mailed to appellant on January 13, 1967, four days prior to the time appellant mailed his letter. It was therefore too late for him to obtain reclassification into Class III–A on the basis of his wife's pregnancy, Morgan v. Underwood, 5th Cir. 1969, 406 F.2d 1253, and the procedural irregularity was not prejudicial.

■ Appellant's letter of August 8, 1966, which stated that he had married on June 26, 1966, and that his wife had a son, likewise would not have entitled him to a reopening of his case. The letter followed the June 9 order to report for induction; therefore, even if it had been made available, the board would have been powerless to reopen appellant's classification unless it specifically found a change in his status over which he had no control. 32 C.F.R. § 1625.2 provides:

The local board may reopen and consider anew the classification of a registrant * * * provided * * * the classification of a registrant shall not be opened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circum-

stances over which the registrant had no control.

Plainly appellant's marriage after the mailing of an order to report for induction does not amount to such a change in status. Porter v. United States, 7th Cir. 1964, 334 F.2d 792, 794. Appellant insists, however, that this decision should be made in the first instance by the local board. We agree. But we cannot agree that the failure of the board to do so can be considered prejudicial under circumstances where, as here, the local board would have been, as a matter of law, without authority to reopen his clas-- sification. See United States v. Vincelli, 2d Cir. 1954, 215 F.2d 210, 211–212. The proviso to 32 C.F.R. § 1625.2 "is not permissive, but mandatory, and divests the Local Board of jurisdiction to reopen the classification of a registrant after the mailing of an Order to Report for Induction" unless the board finds the requisite change in status resulting from circumstances beyond the registrant's control. United States v. Davis, S.D. Iowa 1968, 284 F.Supp. 93, 97.

Appellant cites United States v. Walsh, D.Mass.1968, 279 F.Supp. 115 for the proposition that the failure of the board to consider his request for reopening violated procedural due process. In *Walsh*, however, the registrant's request for reopening of his classification *preceded* the mailing of an order to report for induction, and therefore, the proviso to Section 1625.2, requiring proof of circumstances beyond the registrant's control, was not applicable. The court stated, moreover, that "had the local board properly met and considered the defendant's request, it might have voted to reopen his case." *Id.* 279 F.Supp. at 121. United States v. Stafford, 2d Cir. 1968, 389 F.2d 215, is also inapposite. The court there held that the information set forth by the registrant after receipt of an order to report for induction might satisfy the proviso to Section 1625.2, thus requiring remand to the local board for consideration of the claim in its proper posture. The circumstances set forth by appellant in the instant case, however, were patently within his control, and the board was precluded from reopening his classification.

Appellant maintains, however, that the restrictions against reopening prescribed in Section 1625.2 are inapplicable because his classification could have been reopened by the board pursuant to 32 C.F.R. § 1642.14(b), which provides:

The classification of a delinquent registrant who is classified in or reclassified into Class I-A or Class I-A-O *under the provisions of this part* may be reopened at any time before induction in the discretion of the local board without regard to the restrictions against reopening prescribed in § 1625.2 of this chapter. (Emphasis added)

But Section 1642.14 applies only to registrants who are classified in or reclassified into Class I-A or Class I-A-O "under the provisions of" part 1642 of the Selective Service regulations dealing with delinquents. In other words, it pertains only to the registrant who loses another classification pursuant to 32 C.F.R. § 1642.12 because of his delinquency. *See* United States v. Griffin, 2d Cir. 1967, 378 F.2d 899, 901. Appellant's classification was not affected by his delinquency status, inasmuch as he had already been classified I-A on April 20, 1966, prior to his failure to report for physical examination and the consequent declaration of delinquency status. Accordingly, the restrictions against reopening were not rendered inapplicable by Section 1642.14.

Appellant argues that the restrictions against reopening prescribed in Section 1625.2 are inapplicable for the further reason that the June, 1966 order to report for induction was no longer outstanding. Appellant's position seems to be that once he discharged his duty under the order by reporting for induction on July 12, the rejection by the military invalidated the June order of induction. New orders were required to in-

duct him; and therefore, it is argued, the proviso to Section 1625.2, relating to post-induction-order requests for reopening, was inapplicable since he was not under an order of induction. We recognize that upon receipt of notice that a selectee forwarded for induction has been *"finally"* found unqualified for military service, the local board is required to reopen his classification and classify him anew, 32 C.F.R. § 1632.30,[4] and that the reopening of the classification operates to cancel any outstanding order to report for induction, 32 C.F.R. § 1625.14. But it is clear that the conditional rejection of a registrant pending further investigation of his fitness does not require the board to reopen his classification and that such rejection, in itself, without further action by the board, does not operate to cancel an outstanding order of induction. *Cf.* Nickerson v. United States, 10th Cir. 1968, 391 F.2d 760, 763. Appellant was only conditionally rejected. His acceptability was not finally determined until the Army completed its investigation and issued a moral waiver authorizing his induction in December, 1966. His local board did not reopen his classification or otherwise cancel the June order of induction and therefore the order remained in effect.[5]

Both the letter and the spirit of Section 1625.2 are applicable to appellant's request for reopening. The proviso restricting reopening of a classification requires only that the local board have mailed the registrant an order to report for induction. The uncancelled June order would therefore operate to invoke the coverage of the proviso even if new orders were required to set a new induction date. The purpose of the regulation to restrict the scope of cognizable post-induction-order changes in status is likewise applicable. Indeed, allowing a registrant's case to be reopened in these circumstances without meeting the requirements imposed by the regulation would allow him to benefit from the criminal charges necessitating the moral waiver, contrary to the notion that the exemption of felons is designed for the benefit of the armed forces, not the registrant. *See* Bjorson v. United States, 9th Cir. 1959, 272 F.2d 244, 249.

Accordingly, we hold that the failure of the clerk to refer appellant's letter to the local board was not prejudicial and therefore constitutes no basis for reversal of his conviction.[6]

The remainder of appellant's contentions can be disposed of quickly. The first relates to the racial composition of the jury panel in the Atlanta Division in which the case was tried. In view of this Court's discussion of this issue in Simmons v. United States, 5th Cir. 1969,

4. 32 C.F.R. § 1632.30 provides:
"Upon receiving notice from the induction station that a selected man who has been forwarded for induction has been inducted or *finally* found not qualified for service in the Armed Forces, the local board shall reopen his classification and classify him anew." (Emphasis added)
We note that the 1962 version of the regulation, in addition to other changes of wording, added the word "finally," thereby making clear what was implicit in the former version, namely, that temporary rejection of a registrant pending investigation of fitness does not require reopening and reclassification.

5. We reject as inapposite appellant's contentions based on the regulations relating to the postponement of induction by the Selective Service System. See 32

C.F.R. §§ 1622.62, 1632.2. Appellant's induction was not postponed by the Selective Service System. Instead, his induction was delayed by the Army, which had the responsibility of determining when the moral waiver would be issued and therefore when appellant could be inducted.

6. The failure of the board to act on appellant's request for reopening of his classification did deprive him indirectly of the notice of refusal to reopen required by 32 C.F.R. § 1625.4. But inasmuch as refusal to reopen carries with it no right of personal appearance or appeal, United States v. Beaver, 4th Cir. 1962, 309 F.2d 273, 277; United States v. Davis, S.D. Iowa 1968, 284 F.Supp. 93, 96, the absence of notice deprived appellant of no substantial rights.

406 F.2d 456, pp. 461–463, also an Atlanta Division case, we find it unnecessary to discuss the matter here, except to say that the objection is without merit. *Accord,* Tillman v. United States, 5th Cir. 1969, 406 F.2d 930.

Appellant's contention that the Universal Military Training and Service Act is unconstitutional stands rejected by ample authority, *e. g.,* United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; Morgan v. Underwood, 5th Cir. 1969, 406 F.2d 1253, 1255; Simmons v. United States, *supra,* 406 F.2d at 459–460, as does his contention that induction into the armed services would compel him to participate in the commission of war crimes, Simmons v. United States, *supra,* 406 F.2d at 460; see United States v. Mitchell, 2d Cir. 1966, 369 F.2d 323, 324.

 Finally, appellant's contention that the indictment should have been dismissed due to discrimination in the composition of the Selective Service boards of South Carolina is foreclosed by Clay v. United States, 5th Cir. 1968, 397 F.2d 901, 911, in which this Court stated:

> No court has held, so far as we can determine, nor do we here, that a Negro registrant for selective service is entitled to be classified and inducted by a selective service board composed of a percentage of Negro members which the Negro population bears to the total population, or that a board lacks jurisdiction of a registrant unless so constituted.

We find unpersuasive appellant's attempts to distinguish the *Clay* decision on the ground that there had been no showing of prejudice in that case. The record before us reveals no racial prejudice against appellant. Nor can we agree that the decision is to be limited to registrants who, like Clay, have had the benefit of an appeal to the Presidential Appeal Board.

Accordingly, the judgment of the court below is affirmed.