**UNITED STATES v. HEIN.**
No. 52 Cr. 217.

United States District Court
N. D. Illinois, E. D.
April 2, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for plaintiff.

Francis Heisler, Chicago, Ill., for defendant.

PERRY, District Judge.

The defendant has been named in an indictment charging him with violation of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 451 et seq., in that he unlawfully failed to perform the duty of submitting to induction on March 17, 1952, at ·Chicago, Illinois. During the trial, the defendant admitted his failure and ascribed it to the fact that he is a conscientious objector. At the close of all the evidence, the defendant moved for judgment of acquittal on the grounds that the acts of the Selective Service administrators deprived him of his constitutional rights under the First Amendment and on the grounds that these acts were performed in violation of the administrative regulations thereby denying him procedural due process.

The defendant's first claim, namely that the actions by the Selective Service System constitute a restriction and deprivation of his rights under the First Amendment, cannot be sustained. "Freedom of conscience and freedom to adhere to such religious organization or form of worship as the individual may choose cannot be restricted by law. On the other hand, it safeguards the free exercise of the chosen form of religion. Thus the Amendment embraces two concepts,—freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. Conduct remains sub-

ject to regulation for the protection of society." Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 903, 84 L.Ed. 1213. A conscientious objector is relieved from the obligation to bear arms through no constitutional provision expressed or implied, but because and only because it has accorded with the policy of Congress thus to relieve him. The privilege of the conscientious objector to avoid bearing arms comes, not from the Constitution, but from the acts of Congress. That body may grant or withhold the exemption as in its wisdom it sees fit. No other conclusion is compatible with the war powers, which include, by necessary implication, the power in the last extremity, to compel the armed service of any citizen in the land without regard to his objections or his views in respect of the justice or morality of war. United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302.

 As his second point, the defendant emphasizes the failure of the local board to notify him, by means of SSS Form 110, of the decision of the Board after his rehearing of April 18, 1951. This form not only reveals the classification but also advises the registrant of his right of appeal. The Board letter of April 18, 1951, did not clearly advise the defendant of these rights. The Court agrees that this action was not in literal compliance with Section 1623.4 of the Selective Service Regulations but the Court finds that the defendant knew and understood that he was being classified 1–A and that he had a right to appeal and that he did appeal from the order of the Local Board.

Not every procedural error but only those so flagrant as to result in an unfair hearing render the proceeding vulnerable in a collateral attack. A registrant must show that the proceeding was so unfair as to deprive it of vitality. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308. In the case before the bar, the Local Board's failure in this respect would have resulted in unfairness had the defendant been deprived of his appellate remedy within the Selective Service System. The record, however, shows affirmatively and the de-

fendant concedes that he prosecuted this appeal in May, 1951. The Board's error did not prejudice any procedural rights; for the defendant received his right of appeal, which is all he could have obtained and therefore the defendant is in no position to complain. United States v. Fratrick, 7 Cir., 140 F.2d 5.

 The defendant's third objection appears to relate to the refusal of the local board to listen to a local minister whom he had brought to the Board headquarters for the purpose of explaining the position of the Presbyterian Church regarding conscientious objectors. According to the evidence this occurred May 1, 1951. This action on the part of the Board was proper; it was within their discretion to allow the minister to appear. Selective Service Regulation No. 1624.1(b). The refusal of the Board to hear the defendant once again was not prejudicial. It should be noted that the defendant prosecuted his appeal after this meeting. If he had new information, he could have presented this information to the members of the appeal board, who are required to receive it. Selective Service Regulations Nos. 1626.-112 and 1626.24. If the defendant, during the course of his appeal, failed to avail himself of his rights under the above regulations, he cannot complain at this time of any error by the Local Board. This ruling, in the Court's view, is consistent with the basic principle, which underlies the administration of the Act, namely, that one cannot claim a deferment as a matter of right, but that it is a privilege which has been granted by Congress and which must be clearly established to the satisfaction of the Board by the registrant. Selective Service Regulation No. 1622.1(c); Swaczyk v. United States, 1 Cir., 156 F. 2d 17, certiorari denied 329 U.S. 726, 67 S.Ct. 77, 91 L.Ed. 629.

The defendant further contends that the Selective Service proceedings were a nullity because the administrators failed to place in his file the investigative report of the Federal Bureau of Investigation, which had been requested and completed pursuant to the provisions of 50 U.S.C.A. Appendix § 456(j). The defendant's spe-

cific point of objection is the fact that he had not been advised of the identity of the informants and therefore was deprived of the opportunity of examining them.

■ The defendant misconceives the nature of the administrative proceeding under the Selective Service Act. A registrant is granted a deferred classification only as a matter of privilege and not as a matter of right. The hearing is not in the nature of a judicial trial; it is a means whereby the registrant is afforded the opportunity of clearly establishing to the Local Board his eligibility for a deferred classification. The hearing must be fair; it must be conducted in accordance with the regulations. After such hearing the decision of the Local Board is final and must be supported by the Court, so long as it is based upon fact and has been arrived at fairly in accordance with the statute and the regulations promulgated to carry out its provisions. This ruling of the courts is consistent with the spirit of the Act which provides for a highly decentralized method of marshalling manpower for the defense effort. Eagles v. United States ex rel. Samuels, supra.

■ The Congress also provided for adequate administrative review or appeal procedure for the purpose of correcting any errors violating procedural, legal or constitutional rights of registrants. The Congress provided that the Hearing Officer may have the assistance of the Department of Justice and may examine his file; that the Hearing Officer may make a report and recommendation to the Appeal Board, which may be considered or ignored. The use of the investigative facilities of the Department of Justice does not, in the Court's view, vitiate or nullify the administrative proceedings under the Act. On the contrary, it can serve to promote justice in the administration of the Act as it relates to conscientious objectors. The registrant is accorded a hearing before the Hearing Officer of the Department of Justice and is permitted to rebut any statements adverse to his claim. The Department of Justice renders an advisory recommendation to the Appeal Board, which is not binding upon its members. The Ap-

peal Board receives a summary statement, which is placed in the registrant's file and which the registrant may inspect if he chooses. The Appeal Board at no time has any opportunity to see the Federal Bureau of Investigation's report on the registrant. During the course of its determinations, and at all times the Appeal Board is restricted to the registrant's file; it makes use of no information unknown to the registrant himself. The record does not reveal any request by the defendant to inspect the appeal file in the instant case.

■ The function of the Hearing Officer of the Department of Justice is analogous to that of the United States District Attorney who has a dual duty, namely, to protect society and yet to move for dismissal of unfair charges against the individual members of society. Thus the Hearing Officer has a duty to both the individual and society as a whole. The Hearing Officer is required to make an investigation, hold a hearing and then to advise the Appeal Board and his statements to the Appeal Board, whether oral or written, are mere opinions and are not evidence and the Appeal Board is so advised by the statute and regulations.

The real question at issue is whether the Local Board's ruling was fair. The Court has reviewed the record of the defendant before the Local Board together with every step of the appeal taken by the defendant. The Court finds that all of the proceedings before and by the Local Board, Hearing Officer and Appeal Board have been substantially regular and have in no way been prejudicial to the defendant.

The administrative problems relating to conscientious objectors are not to be solved summarily if justice is to be achieved. Local Boards are designed to muster manpower and not to engage in extended investigations on the various positions on war in general. The statute provides a thorough method which serves as a guide and aid in the administration of these problems. The investigations can result in a favorable as well as an unfavorable recommendation. If persons who provide

information to the Federal Bureau of Investigation were required to become involved in extended hearings and examinations and have their identity revealed, which would naturally result if the defendant were to prevail in his position, the entire statutory method for reviewing claims of conscientious objectors would collapse due to the reluctance of individuals to give information. This would only further complicate the problems for the Local Boards, hamper their decisions and prevent bona fide cases of conscientious objectors on religious grounds from receiving fair consideration. The very purpose of the statute would fail. Compare Imboden v. United States, 6 Cir., 194 F.2d 508; Elder v. United States, 9 Cir., 202 F.2d 465.

 This Court is of the view that there was a basis in fact for the defendant's 1-A classification. The Selective Service System was dealing with an individual who admittedly served actively in the National Guard so that he might continue his education. He later withdrew and claimed to be a conscientious objector. From this alone, the Local Board could reasonably doubt his sincerity.

 No one citizen can set up his conscience as his own guide and refuse to submit under any circumstances to the will of the majority of the society in which he is a member. To hold otherwise would support anarchy in our society. The will of the majority of the United States is expressed by Congress in the Selective Service Act. That act provides for a method for drafting young men for military service and for the promulgation of regulations to carry out the statute. The defendant Hein can claim no exception to the statute and the rules and regulations laid down by this Act. The most that he is entitled to receive is a fair hearing and a fair administrative proceeding for his appeal. Although the law does not require affiliation with any particular group in order that an individual might be classified a conscientious objector, it is significant that the defendant Hein at no time offered any evidence or statement to the effect that he belonged to a church which by one of its tenets forbids its members to engage in military service. The defendant Hein only sought to show that he belonged to a church which would support him in his own individual belief whether he believed in military service or whether he was a conscientious objector. If the Board should allow exemption for one who is a member of such church then the whole purpose of the statute would fail and each individual case would be determined upon whether or not the individual himself was a conscientious objector. That would open the door to chaos and fraud in the administration of the Selective Service Act and would in effect repeal the whole Act and leave military service upon a voluntary basis.

 The Court finds that the defendant Hein had a fair hearing and that the Boards, neither the Local Board or Hearing Officer nor the Appeal Board deprived him of any of his rights or privileges and that whole proceeding from beginning to end was fair and without prejudice against the defendant Hein. This Court has no power or jurisdiction to determine whether these agencies arrived at this same decision that the Court would have arrived at for that is their duty. The Court can only review their acts for error and finding none the Court can go no further.

 In the case at bar the defendant Hein defied the administrative proceeding and was indicted; that indictment is good and cannot be defeated unless the defendant had failed to receive a fair hearing before the Local Board and a fair administrative appeal. Since the Court has found the whole proceeding from the Local Board through the Appeal Board to be fair and without error, the motion for a judgment of acquittal must be and is hereby denied.