**UNITED STATES of America,
Appellee,**

v.

**AL–MAJIED MUHAMMAD, formerly
known as Jeyone Peter Wiggins,
Appellant.**

**No. 10480.**

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1966.

Decided July 20, 1966.

John R. Hargrove, Baltimore, Md. (Court-appointed counsel), (Howard & Hargrove, Baltimore, Md., on brief), for appellant.

Roger C. Duncan, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and LEWIS, District Judge.

HAYNSWORTH, Chief Judge:

The defendant was convicted of unlawful refusal to submit to induction into the Armed Forces. On this appeal, we find no denial of procedural due process.

In October 1960, the defendant registered for the draft with Local Draft Board No. 7 in Washington, D. C. He filled out the classification questionnaire, giving no suggestion of objection to service, and he was classified 1A.

On October 30, 1964, four years after his registration, an order was issued re-

quiring the defendant to report for induction on November 23, 1964. On November 10, 1964, the defendant for the first time suggested that he was a conscientious objector. He did so verbally to a clerk in the office of the draft board. He was requested to state his objection in writing, which he did, and his position was supplemented by a further written statement on November 19, 1964.

After receipt of the first letter from the defendant on November 10, 1964, the Local Board requested and obtained permission to postpone the date of the defendant's induction until December 2, 1964 for the purpose of permitting the Board to consider the additional information. The letters were considered by the Board on November 27, 1964, four days after the date originally set for induction. Thereupon a letter was written to the defendant informing him that the Board declined to reopen his case and instructing him to report for induction on December 2, 1964. On December 2, 1964, the defendant reported, as he was required by the order, but refused to be inducted, and this refusal was repeated the next day.

In his first letter, the defendant stated that he was a Muslim, and that he and his fellows did not believe that they should be forced to take part in wars conducted by the United States, unless the Government would agree to give them their own territory, in which event they would have something to fight for. His second letter was longer and more detailed, but, in that letter, his objections appear entirely political.

On the basis of the defendant's statements of his objections, the Board would hardly have been warranted in concluding that the defendant was a conscientious objector within the meaning of the statute and the regulations because of their political rather than religious nature.

The Board was not required to reopen the case or to rescind its order to report for induction, since the defendant had given no intimation of any conscientious objection to service until after his receipt of the order to report for induction. Under 32 CFR 1625.2(b), a classification of a registrant is not to be reopened after an order to report for induction has been mailed, unless there is a specific finding by a local board of a change in the registrant's status resulting from circumstances beyond his control. The validity of this regulation has been upheld by the courts.[1] Belated development of conscientious objection is not such a change in status beyond the control of a registrant.[2]

The defendant complains, however, that since the Local Board requested and obtained permission to postpone the date of induction from November 23 to December 2, 1964, it was obligated to give the defendant a full evidentiary hearing, at which he should have been allowed to appear and amplify his claim, and that the fact that no such hearing was held was a denial of procedural due process. We can find no foundation for the claim.

It was entirely appropriate for the staff of the Board, upon receipt of the defendant's letter of November 10, 1964, to take appropriate steps to postpone the date of induction for a time to permit the Board to consider whether or not that letter, in the opinion of the Board, indicated a change in the status of the registrant. The Board considered that question on November 27, 1964, and decided that the additional information did not warrant reopening of the case. As shown above, it was not required to reopen the case, and there is no provision for or requirement of a hearing preceding Board determination whether or not to reopen the case on the basis of

1. United States v. Taylor, 6 Cir., 351 F.2d 228; United States v. Porter, 7 Cir., 314 F.2d 833; United States v. Beaver, 4 Cir., 309 F.2d 273; Boyd v. United States, 9 Cir., 269 F.2d 607; Keene v. United States, 10 Cir., 266 F.2d 378; Feuer v. United States, 9 Cir., 208 F.2d 719; United States v. Schoebel, 7 Cir., 201 F.2d 31.

2. United States v. Porter and United States v. Schoebel, supra.

such information received after the order for induction. Before the Board decided whether or not the case should be reopened, it was entirely appropriate for the Board to look at the defendant's letters and to take steps to postpone the date of induction in order that it might have an opportunity to do so before the defendant was actually inducted. In this procedure, there is nothing unfair and no denial of procedural due process.

Affirmed.