**UNITED STATES of America,**
**Plaintiff,**

v.

**Ronald L. WAGNER, Defendant.**

**No. 17193.**

United States District Court
W. D. Washington, S. D.

Aug. 14, 1967.

Eugene G. Cushing, U. S. Atty., Seattle, Wash., J. S. Obenour, Asst. U. S. Atty., Tacoma, Wash., for plaintiff.

G. Bernhard Fedde, Portland, Or., for defendant.

## MEMORANDUM OF DECISION

BOLDT, District Judge.

### 1. *Indictment.*

■ The court finds the indictment charging defendant with violating 50 App. U.S.C. § 462(a), by refusing to be inducted into the Armed Forces after being properly selected for military service, is sufficient although the word "knowingly" is not expressly contained in the indictment. The offense is charged in the language of the statute and citation of the pertinent statute is provided pursuant to Rule 7(c), Federal Rules of Criminal Procedure. The statute itself does not mention a "knowing" refusal to be inducted in its language and formal words are unnecessary to an indictment where the allegations fairly import guilty knowledge and intent on the part of defendant. See: Madsen v. United States, 165 F.2d 507

(10th Cir. 1947). The word "refuse" contains within it an implication of guilty knowledge on the part of the actor. Compare: Grant v. United States, 291 F.2d 746 (9th Cir. 1961). Finally, the indictment charges defendant indicated his refusal of induction in writing, thus dispelling all doubt but that knowledge and intent is attributed to defendant by the charge.

### 2. *Duty to Report for Induction.*

■ Defendant requested and was granted permission by his Local Board to delay reporting for induction by one day and to drive directly to the induction center. Defendant's duty to report is derived from the Order to Report for Induction issued March 31, 1966 and directions issued October 3, 1966. Defendant's conduct in requesting and receiving permission to delay reporting for induction by one day did not vitiate the legal effect of the induction order, pursuant to which defendant's duty to report was a continuing one from day to day. See: 32 C.F.R. 1632.14.

### 3. *Effect of Postponement.*

■ No statutory authority imposes a time limitation on the validity of an Order to Report for Induction. The power of the Local Board to grant a formal postponement of induction is limited to a maximum period of 120 days under 32 C.F.R. 1632.2(a), which section in no way limits the operative effect of the Induction Order itself. See: 32 C.F.R. 1632.2, subsection (d).

### 4. *Classification of Defendant.*

■ a. *Error in law.* Defendant claimed exemption as a conscientious objector on the basis of religious convictions gained through radio broadcasts and pamphlets promulgated by the Radio Church of God. In these circumstances, the request of the Local Board for more information concerning the teachings of the Radio Church in no way implies a requirement by the Board that defendant be a member of the Church. Similarly, an inquiry by the

**4**

Board concerning the position of this particular church in relation to the requirements of the selective service regulations was valid and correct procedure; the tenets of the church, concerning warfare, when relied upon by a registrant, is clearly relevant if not crucial to his eligibility for a conscientious objector classification. See: 32 C.F.R. 1622.11(a) and (b), 1622.14(a) and (b).

■ b. *Arbitrary refusal to reclassify defendant.* The court finds the Local Board has fully and fairly considered all evidence presented to it by defendant in support of his claim for re-classification in Class I-O. Much of the material supplied by defendant was presented after the issuance of an induction order on March 31, 1966 and pertained to circumstances under defendant's control, thereby invoking the prohibition of 32 C.F.R. 1632.2 that the classification shall not be reopened in such a situation. "New Facts" listed by defendant in his trial brief, other than those within the prohibition of section 1632.2, are recited opinions of friends and associates of defendant concerning the sincerity of defendant's beliefs and merely cumulative evidence; nothing in the material before the Local Board explains or defines the substance and duration of defendant's religious training in so far as religious opposition to military service is concerned. All material relied upon by defendant was considered by the Local Board, either at defendant's personal appearance before the Board or in the two courtesy interviews granted defendant. The refusal of the Local Board to reclassify defendant, in view of the inadequate cumulative nature of the material presented to it by defendant, the unanimous classification of defendant in Class I-A by the appellate boards, and the evidence before the Local Board, was in no way arbitrary or capricious agency action.

■ c. *Basis in fact for defendant's classification.* On a careful review of the entire record, considered as a whole, the court is satisfied a factual basis supported classification of defendant in Class I-A-O and Class I-A. If the record shows evidence supporting the Board's decision, the court may not substitute its judgment for that of the Board as to proper classification of a registrant. The sole issue for the court is whether or not the record contains direct or circumstantial evidence upon which the classification could reasonably have been based. If so, the determination of the Board is final, even though it may be erroneous. See: Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

■ A partial list of facts which could have been relied upon by the selective service boards in arriving at defendant's classification might include: (a) the absence of credible evidence concerning the training received by defendant in so far as opposition to war is concerned; (b) the ambiguity as to the time when defendant embraced religious views incompatible with military obligations and the apparent synchronization of such views with defendant's eligibility for military service; (c) defendant's unemployment, record of juvenile delinquency, and dilettante knowledge of Scriptures. In this connection the court states it was not favorably impressed by defendant's demeanor and testimony with respect to either the defendant's integrity or sincerity. These and other facts, inferable from the record, considered as a whole, constitute a fact basis for the classification given defendant and resolve the question concerning the jurisdiction of the selective service boards adversely to defendant in this criminal proceeding.

5. *Procedural Due Process of Law.*

At no time was defendant accused, with or without his knowledge, of having an excessive drinking habit and lying about same. A slight misinterpretation by the examining psychiatrist of the reason for requiring a mental examination of defendant was not a significant

factor in the result of the examination. Also, the psychiatrist did not misinterpret defendant's answer on his medical questionnaire concerning his drinking habit, only the date of such habit as listed by the referring physician. Defendant's religious sincerity was not the subject of his mental examination, only his psychological fitness for military duty. Finally, the report of the psychiatrist was received by the Local Board October 25, 1966 and after defendant had been classified I–A and ordered to report for induction. The psychiatrist's report would not justify a change in defendant's classification, nor would any of the other material supplied by defendant prior to his courtesy interviews.

6. *Self-Incrimination and Right to Counsel*

Defendant does not claim the Selective Service Act is unconstitutional but seeks to extend constitutional rights enunciated in such cases as Miranda v. State of Arizona and Application of Gault to appellate proceedings under the selective service classification system. At the commencement of trial defendant objected to admission into evidence of a report of the Department of Justice, the findings of the State Appeals Board and the Presidential Appeal Board, for the reason that the Hearing Officer of the Department of Justice did not, at the time of conducting his interview at the request of defendant, warn defendant of his rights under the Fifth and Sixth Amendments to the United States Constitution. Each of defendant's objections are hereby overruled and the documents admitted in evidence.

 Exemption from military service for conscientious objectors is a privilege granted by Congress in certain defined cases. A selective service registrant invokes that privilege when he claims classification as a conscientious objector. The first step in appellate proceedings concerning a registrant's classi-

fication is an interview with the Hearing Officer, conducted as much for the benefit of the registrant as for the benefit of the public. The findings of the Hearing Officer are opinions and not evidence and the higher Appellate Boards are so informed. See: United States v. Hein, D.C., 112 F.Supp. 71.

 It is clear that the privilege against self-incrimination may be invoked in a civil administrative proceeding. See: Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (decided May 15, 1967.) Both the privilege against self-incrimination and the right to counsel are constitutional protections designed to prevent the state from relying upon incriminating testimony compelled from the mouth of an accused in the course of criminal proceedings against him. The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner. Defendant in this case was at no time compelled to incriminate himself; he chose to appeal his classification and made voluntary statements in support of the appeal. Concerning the hearing conducted by the officer for the Department of Justice, defendant made a five page report detailing what transpired at the hearing and demonstrating the lack of compulsion. Defendant concludes the report with the words: "I was given fairly sufficient time to answer the questions although I was cut off a few times but did continue later in order to adequately explain myself." The hearing was fair in all particulars.

 Nothing in the record or in the memoranda submitted by counsel designates any particular testimony of defendant which would tend to incriminate him. Material and statements presented by defendant to the Hearing Officer, and forming the basis of his opinion were designed to, and do, tend to demonstrate the sincerity of defendant's religious beliefs. The defendant's statements, even if incriminating in nature, preceded the crim-

**6**

inal act charged in this case by approximately two years; the privilege against self-incrimination relates only to past actions and not to future events which may or may not occur. United States v. Kelly, 254 F.Supp. 9 (D.C.N.Y.1966).

 At the time of his appearance before the Local Board, and at all subsequent times, until defendant refused to be inducted into the Armed Forces, he was not an accused in a criminal case, nor a suspect, nor subjected to compulsion in any form. No case relied upon by defendant or discovered by the court provides that a right to counsel attaches prior to the time of arrest. At the time of his interview with the Hearing Officer, defendant was not accused of a crime, nor was the Hearing Officer or any other government official aware that a crime had been committed, nor had a crime been committed. Compare: United States v. Gorman, 355 F.2d 151 (2nd Cir. 1965). The interview itself was conducted at the request of defendant and was fair in all particulars. Nothing in Supreme Court authority requires or clearly indicates a holding that a registrant under the selective service system must be extended the constitutional protections now afforded an accused in a criminal case. The attitude of Congress in that respect seems clear from the express exemption of selective service from the provisions of the Administrative Procedure Act. A further extension of the principles announced in Miranda v. State of Arizona to selective service processes having grave implications for national security, this court will not presume such an extension applicable until clearly required by higher authority.

Accordingly, the court finds and holds defendant's classification and selection had a basis in fact and was free of both procedural and substantive defects of any significant character. The evidence which the court finds credible establishes beyond a reasonable doubt that defendant, knowingly and with specific intent, refused induction into the Armed Forces of the United States and is guilty of the offense charged in the indictment.