**UNITED STATES of America,**
**Appellee,**

v.

**Starling Gene HELM, Appellant.**

**No. 11551.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 8, 1967.

Decided Nov. 10, 1967.

Certiorari Denied March 4, 1968.
See 88 S.Ct. 1049.

H. F. Seawell, Jr., Carthage, N. C. (Seawell, Van Camp & Morgan, Carthage, N. C., on brief), for appellant.

William H. Murdock, U. S. Atty. (R. Bruce White, Jr., Asst. U. S. Atty., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and WOODROW W. JONES, District Judge.

PER CURIAM.

Appellant, who was convicted for failure to report for induction in violation of 50 U.S.C.A. (Appendix) § 462, appeals from the judgment sentencing him to a term of two years. He claims that he was improperly ordered to report, because he had been denied classification as a conscientious objector or as a farmer and denied a hearing to establish his claim thereto.

We affirm.

Our review of the record discloses that appellant, during the five and one-half years that he was registered with his Local Board prior to receiving a notice of induction, never made a claim that he was a conscientious objector or a farmer, and that such claim came only after he had received a notice to report for induc-

tion, and five months before he would have attained the age of twenty-six years and have been draft-exempt under current policy. There was thus no reason to afford him a hearing before the order to report for induction; and after the order to report for induction, there was no factual basis on which it may be concluded that there was such a "change in registrant's status resulting from circumstances beyond his control" within the meaning of 32 C.F.R. § 1625.2(b), such as to require the Board to reopen his case after the order to report for induction. United States v. Al Majied Muhammad, 364 F.2d 223 (4 Cir. 1966).

Affirmed.