**UNITED STATES of America,**
**Plaintiff,**

v.

**Gene James SHERMEISTER, Defendant.**

**No. 67–CR–125.**

United States District Court
E. D. Wisconsin.

June 27, 1968.

James B. Brennan, U. S. Atty., by Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Harry F. Peck, Jr., Milwaukee, Wis., for defendant.

REYNOLDS, District Judge.

On May 2 and 3, 1968, the defendant was tried by this court for refusing to submit to induction into the Armed Forces in violation of Title 50 App., § 462, United States Code. At the conclusion of the court trial, the defendant was found and adjudged guilty, and a presentence investigation was ordered.

The defendant, a resident of Sheboygan, Wisconsin, was born on January 21, 1944, and is single. On May 7, 1964, he was initially classified as 1–A (available for induction) by his Local Draft Board. He was given a physical examination in September 1964, and found qualified for induction. In October 1964, he was given a 2–A classification, deferring him because of civilian occupation. This involved employment by his father in a small company called Midwest Auto Research.

In October of 1965, he was given a student deferment (2–S) by his Local Draft Board because of his attendance at a vocational school in Sheboygan. In August 1966, after the registrant left school, he was given another physical examination and found qualified for induction. In September 1966, the registrant was reclassified 1–A.

In November 1966, the defendant was granted a personal appearance before two Local Board members. He said he was an officer of his father's new business located in their home. He said the business was in "financial straits," his father was in poor health, and he was needed in the business until it got back on its feet.

The additional information submitted by the defendant and his father was placed in the file. The entire Local Board file was forwarded on appeal to the proper Appeal Board.

In March of 1967, the Appeal Board upheld the classification of 1–A, and the file was returned to the Local Board. On April 28, 1967, an order to report for induction was mailed to the defendant directing him to report on May 25, 1967.

On May 2, 1967, a Form 150, for conscientious objectors, was filed with the Local Board. The registrant indicated on the face of the form that neither statement of beliefs printed on the Form 150 contained his belief.

On May 17, 1967, the Form 150 was reviewed by the Local Board members who unanimously voted not to reopen the defendant's classification, as they found no change in status resulting from circumstances beyond the registrant's control.

On May 18, 1967, a letter was mailed from the Local Board to defendant containing the Board's decision. Four days later, the State Director of Selective Service requested postponement of defendant's induction until the June 1967 induction call. Induction was postponed, and on May 25, 1967, the defendant's father requested that the Local Board furnish him with another Form 150 and a dependency form (SS Form 118). These forms were provided. The dependency form was never returned by the defendant.

On June 6, 1967, the defendant's father visited the office but did not submit any additional information. The following day the Local Board reviewed the file again and informed the registrant and his father by letter that the classification would not be reopened. On June 8, 1967, a letter directing the registrant to report for induction on June 27, 1967, was mailed to the defendant.

On several occasions during the next two weeks, the registrant's father submitted information to the Draft Board regarding a dependency claim and the registrant's opposition to war.

On June 26, 1967, the day before defendant was to report for induction, a second Form 150 was received by the Board from the defendant. The Clerk was unable to contact the Board members but did call the State Selective Service Headquarters in Madison. The Clerk was instructed by the State Headquarters to read Regulation 1625.2(b) to the defendant, which was done the following day when the defendant reported for induction. This regulation refers to the circumstances under which classification may be reopened after an induction order is issued. It provides:

"The local board may reopen and consider anew the classification of a registrant * * * (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

On June 27, 1967, the defendant proceeded to the induction station in Milwaukee by bus. His refusal to submit to induction was witnessed by two members of the United States Army who testified to that effect at the trial. At the request of an Army Captain, the defendant wrote out a statement that he was refusing induction into the United States Army. He then left the induction station.

On August 8, 1967, the defendant was indicted for refusing to submit to induction. On August 16, 1967, the Local Board reviewed the second Form 150 and determined that no action was necessary. This court finds that the defendant exhausted his administrative remedies, and, consequently, this court reviewed the defendant's 1–A classification.

The defendant's contentions are:

1. That the Local Board improperly refused to reopen defendant's classification after each of the two Forms 150 were submitted;

2. That the Local Board improperly denied defendant's claim for a dependency deferment (3–A); and

3. That the court improperly admitted the written statement of the defendant regarding his refusal to submit for induction made at the induction station, in violation of the dictates of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The Universal Military Training Act provides an exemption from service in the Armed Forces if a registrant is opposed to participation in war in any form "by reason of religious training or belief." Title 50 App. United States Code, § 456(j). The first Form 150 filed on May 2, 1967, and filled out by the defendant, indicates quite clearly to the court that the defendant was not at that time opposed to war in any form. Not only did he deliberately not sign the section of the form containing the claims for exemption, but he stated in a letter dated May 6, 1967, which he requested be attached to Form 150, as follows:

"I am opposed to participation or to support in any manner any war of this kind at this time. I am referring to the present Viet-Namese conflict."

It is the court's finding that the facts set forth in this Form 150 would not justify a reopening of defendant's classification under 32 C.F.R. § 1625.-

2(b)[1] and that the Board correctly refused to reopen.

The second Form 150 was filed on June 26, 1967, the day before defendant was to report for induction. It was not considered by the Board before defendant refused to be inducted, since the Local Board Clerk tried but was unable to contact the Local Board members. This second Form 150 contained statements similar to the first except that defendant signed Series I–B of the form with qualification. Series I–B states:

> "I am, by reason of my religious training and belief, conscientiously opposed to participation in war in any form and I am further conscientiously opposed to participation in noncombatant training and service in the Armed Forces. I, therefore, claim exemption from both combatant and noncombatant training and service in the Armed Forces.

---

> Signature of Registrant"

In the attachments to Form 150, defendant indicated his convictions were against "this war" and stated with reference to his signing Series I–B of the form:

> "In so doing I am not making reference to any war past or future but explicitly to the present undelared (sic) war in Viet-Nam. * * * "

■ The court finds that the second Form 150 contains substantially the same assertions as the first one and that it does not contain facts which would justify a reclassification under 32 C.F. R. § 1625.2. The court further finds that although the second form was not considered by the Local Board before the defendant refused induction, the Clerk acted reasonably under the circumstances in contacting the State Selective Service Headquarters and attempting to contact the Local Board members. In the absence of any showing by the defendant of circumstances over which he had no control,[2] there was no need to postpone induction a second time until the form could be considered by the Local Board. United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953); United States v. Helm, 386 F.2d 434 (4th Cir. 1967); United States v. Al-Majied Muhammad, 364 F.2d 223 (4th Cir. 1966). Cf. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966). Furthermore, the second Form 150 was ultimately considered by the Board on August 16, 1967, and found not to require further action.

■ The court also finds that the Local Board was not obliged to accept the claim for a dependency exemption (3–A). The regulation requires a showing of extreme hardship to a member of the registrant's immediate family if the registrant were inducted.[3]

The dependency questionnaire received by defendant's father from the Local Board on May 25, 1967, was never returned. The Board never received information as to specifically who relied on defendant's support and how much of defendant's income was contributed for this purpose. There is no indication that defendant's father was unable to work during the years 1966 and 1967. The only medical corroboration of defendant's father's condition is an x-ray report of the father's back taken in 1959.[4]

It is the court's finding that defendant's Selective Service file does not

---

1. Section 1625.2 explains that a registrant's classification can be reopened if the written request is accompanied with written information not considered when the registrant was classified and which, if true, would justify a change in the registrant's classification.

2. 32 C.F.R. § 1625.2(b) also provides that after an order to report for induction has been mailed, the registrant's classification shall not be reopened unless the Board specifically finds a change in status resulting from circumstances over which the registrant had no control.

3. 32 C.F.R. § 1622.30.

4. " * * * There is some minimal spurring seen along the margins of the vertebral bodies, indicative of some degenerative disease."

contain sufficient evidence to demonstrate that extreme hardship to his immediate family would result were he inducted. 32 C.F.R. § 1622.1. He was not entitled to a 3–A classification.

■ Finally, the court is not persuaded that defendant's constitutional rights were violated by the circumstances under which the written statement was obtained from him. No evidence was offered to refute the testimony of Army personnel that he was free to leave the induction station when he wished to. He was not interrogated by Military Police Officers, and there was no evidence of coercion used to obtain the statement. This court finds that this young man undergoing processing at an induction center was not in custody within the meaning of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966), and that the statement taken from him regarding refusal to submit to induction under the circumstances is not subject to suppression.

However, the statement as evidence had only a cumulative effect. It merely recited what the induction station personnel had witnessed and testified about. Furthermore, the court is convinced beyond a reasonable doubt from evidence, exclusive of the written statement, that defendant refused to submit to induction and did so willfully.

■ The court therefore finds from all the evidence that there was a basis in fact for the defendant's classification of 1–A, that he was properly ordered for induction, and that he willfully refused to submit to induction as charged in the indictment.

The foregoing opinion constitutes this court's findings of fact and conclusions of law in accordance with Rule 23(c) of the Federal Rules of Criminal Procedure.

For the reasons contained in this opinion,

IT IS ORDERED that defendant's motions after trial must be and the same hereby are denied.