Jon R. GABEL, Petitioner,

v.

Lewis B. HERSHEY et al., Respondents.

Civ. A. No. 12–70.

United States District Court
E. D. Virginia,
Alexandria Division.

Jan. 21, 1970.

Brian P. Gettings, U. S. Atty., C. P. Montgomery, Asst. U. S. Atty., Alexandria, Va., for respondents.

John P. Ellis, Arlington, Va., for petitioner, Feissner, Kaplan & Smith, by Fred R. Joseph, Hyattsville, Md., of counsel.

## ORDER AND MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

Jon R. Gabel petitioned this Court to enter an order directing the respondents to vacate the order of December 12, 1969 denying his request to have his induction order canceled and his classification reopened, and that the respondents be enjoined from inducting him into the Armed Forces of the United States pending the hearing of this action.

Having fully heard the matter, the Court is of the opinion the requested injunction ought to be denied, and

It is so ordered.

The record here made discloses that the petitioner was first ordered on August 19, 1969 to report for induction on September 3, 1969. This order for induction and a subsequent order issued November 19, 1969 were postponed by the Local Board pending the petitioner's appeal for reclassification on the ground of an occupational deferment.

Upon denial of the request for occupational deferment the petitioner was again notified, on November 19, 1969, to report for induction on January 22, 1970.

On December 4, 1969 the petitioner filed with the Local Board a further request for cancellation of the induction order and the reopening of his classification, claiming a conscientious objector status. Attached thereto was Selective Service Form 150 together with Supplemental Statement. In that letter the petitioner expressed his wish to appear before that Board to demonstrate his religious beliefs making it conscientiously impossible to participate in war in any form.

On December 11, 1969 the petitioner appeared before the Local Board and was given every opportunity to further amplify his claim. He was then allowed to file with the Board additional supplemental documents. Upon conclusion of the interview, the Board further considered the matter in executive session. Its decision was sent to the petitioner on December 12, 1969, the Board stating it had again considered petitioner's case on December 11, 1969 and found no circumstances over which he had no control. Therefore no recommendation was made to the State Director for a reopening of his classification.

On December 19, 1969 the Board advised the petitioner

"Your new time and date of reporting for induction are 5:30 A.M. on 22 JANUARY 1970 as your postponement of induction will have terminated. The place of reporting shall be as shown on the original order unless otherwise indicated below." [Nothing was indicated below.]

The petitioner claims that his letter of December 4, 1969, together with his statement attached to Form 150, made out a prima facie case and the Local Board had a mandatory duty to reopen his classification and consider his status anew. He relies on United States v. Gearey, 368 F.2d 144 (1966), a Second Circuit case. This Court does not read that case as the petitioner would have us read it. His contention is not the law in this Circuit. His reliance on United States v. Grier, 415 F.2d 1098

(4th Cir. 1969), is equally misplaced. The facts there are materially different from the facts here.

The Fourth Circuit, in its latest opinion on the subject, United States v. Bittinger, 422 F.2d 1032 (dec. December 24, 1969), restated the pertinent portion of § 1625.2, Title 32 C.F.R., as follows:

" '[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . or an Order to Report for Civilian Work * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.' "

In its opinion the Court cited its decision in United States v. Helm, 386 F.2d 434 (1967), stating:

"Applying the regulation, we have held the board need not consider a claim of conscientious objection first asserted after the registrant received an order to report." See also United States v. Beaver, 309 F.2d 273, a Fourth Circuit case decided in 1962.

The record here clearly establishes that Jon Gabel's claim of conscientious objection was first asserted after he received the order to report for induction.

■ Notwithstanding this fact and the teachings of United States v. Al-Majied Muhammad, 364 F.2d 223, a Fourth Circuit case decided July 20, 1966, the Local Board at the petitioner's request allowed him to appear before the Board and amplify his claim and to file additional supporting documents before deciding whether or not his case should be reopened. The so doing on the part of the Local Board did not constitute a reopening of the case, as claimed by the petitioner, thereby entitling him to further administrative appeal.

■ The question of whether a registrant's evidence is of sufficient weight to require a reopening of his classification lies within the discretion of the Local Board—so long as this discretion is not arbitrarily exercised. See Smith v. United States, 157 F.2d 176 (4th Cir. 1946). There was no arbitrary ruling by Local Board No. 9 in this case.

■ The record discloses that the petitioner first sought occupational deferment. When he was denied reclassification on that ground he sought reclassification on the ground of conscientious objection. This was long after his order to report for induction. The petitioner's statement attached to Form 150, and his and the Board's summary of his claim when he appeared before the Board on December 11th, disclose that his religious, philosophical and/or political views pertaining to war surfaced when he was fifteen and have been ripening ever since, especially so during his tenure with VISTA. He claims his views crystallized on November 5th, the day following a CBS showing of a Viet Cong interrogation and torture.

On the basis of the petitioner's statements and the material found in his Selective Service file, the Local Board would hardly have been warranted in concluding that there had been a change in Jon Gabel's status resulting from circumstances over which he had no control. The refusal to reopen his case or to rescind its order for the petitioner to report for induction at 5:30 a. m. on January 22, 1970 fully complies with the requisite statutory law.

Nothing further remaining for determination by this Court, Jon Gabel's petition to vacate the Local Board's order of December 12, 1969 should be dismissed, and

It is so ordered.