**Ronald W. PLAISANCE, Plaintiff,**

v.

**Lawrence E. WRINKLE et al.,
Defendants.**

**Civ. A. No. 70–1347.**

United States District Court,
D. Massachusetts.

Oct. 30, 1970.

U. S. Atty. Herbert Travers, Jr., Asst. U. S. Atty. George Higgins, for defendants.

Charles M. Healey, III, Springfield, Mass., for plaintiff.

## OPINION

GARRITY, District Judge.

This matter involves the refusal of a local board to reopen the case of a Selective Service registrant who first claims a conscientious objector exemption after receipt of a notice to report for induction. The law in the area of "late crystallization" cases is generally stated in an opinion filed by this court on August 4, 1970, Lane v. Local Board No. 17, D.C., 315 F.Supp. 1355. The applicable language in the pertinent regulation, 32 C.F.R. § 1625.2, is as follows:

"Provided * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

At the hearing on the merits the parties were in agreement that this matter should be remanded to Local Board No. 82 for further consideration. However, they failed to agree as to the reasons for remand and what the scope of the board's further consideration should be. The defendant local board members argued that the basis for the board's refusal to reopen is unclear on the record and consequently the board should be required, on remand, to reconsider whether or not to reopen plaintiff's case and, if it decides not to reopen, to state clearly its specific reasons for reaching this decision. The plaintiff registrant contends that the record shows the basis for the board's refusal, i. e., its belief that plaintiff's conscientious objection claim which matured after receipt of an induction order was not beyond his control.

Plaintiff further contends that such a determination is legally impermissible and, consequently, that the board should be directed to reopen plaintiff's case and give his conscientious objection claim full consideration on the merits.

Upon review of the Selective Service record, the court finds, as plaintiff contends, that the basis of the board's decision was that plaintiff's post-induction-order claim, although a change in circumstances, was not beyond his control. The record shows that a hearing was held by the board on plaintiff's request to reopen on September 1, 1970. On September 2 the board advised plaintiff by letter that his classification was not reopened.[1] In response to plaintiff's letter of September 4 in which he requested the "basis in fact" for the denial of his claim, the board wrote on September 15 that his case was not reopened "as they felt there was no change in your status due to circumstances beyond your control." At this point in time, the basis for the board's decision was still unclear. Did it refuse to reopen because there was no change in plaintiff's status or because, although there had been a change, it was not one beyond his control? In response to plaintiff's letter of September 22, the board wrote on October 5 that plaintiff's classification was not reopened "because of this information[2] or because there is a change in your status due to circumstances beyond your control." The ambiguity inherent in this letter is clarified by an entry made on September 29 in the "Minutes of Actions by Local Board * * *" as follows: "Letter from reg. dtd. 9/22/70 considered by the Board—Board did not reopen class. as they felt change in registrant's status was not due to circumstance beyond his control." The vote on the question was 4 to 0.

1. In the "Minutes of Actions by Local Board * * *", the following entry appears on September 2: "Letter to registrant re: no change in status." The court finds that this entry did not mean that the reason for the board's decision was that plaintiff's personal beliefs had not changed but rather that the board's decision reflected in the letter was that there was to be no change in plaintiff's status, i. e., from classification I–A to "case reopened."

2. The information to which the board referred was that contained in plaintiff's letter of September 22.

The only question remaining is whether it is legally permissible for a Selective Service board to base its refusal to reopen on a determination that, although a conscientious objector claim is not frivolous and did crystallize after a claimant's receipt of an induction order, it was nonetheless not due to circumstances beyond his control. The cases are divided on this point. Some circuits hold that the crystallization of such views is a circumstance over which the registrant has no control.[3] Others hold that it is a circumstance over which he has control.[4] The Supreme Court has granted certiorari in Ehlert v. United States in order to resolve this conflict.

In the belief that sincere demands of conscience are always beyond one's control, the court adopts the former position on this question. In our opinion the last clause of regulation § 1625.2, i. e., the language "resulting from circumstances over which the registrant had no control", was not intended to cover a change in beliefs, as in a conscientious objector claim, but rather a change in external circumstances, as in a claim for a hardship deferment. See 32 C.F.R. § 1622.30(b). In the case of a post-induction-order conscientious objector claim, the board should, in our view, focus on the issue of a claimant's sincerity, either in terms of frivolousness of the claim in the reopening situation or on the merits once a case is reopened, instead of becoming embroiled in a determination of the controllability *vel non* of a particular claimant's change in beliefs. Consequently, once a Selective Service board finds that a post-induction-order conscientious objector claim is non-frivolous and that a change in status has occurred after the receipt of such an order, it is legally impermissible for the board to refuse to reopen on the ground that such a change is not due to a circumstance beyond a claimant's control.

Judgment will be entered for the plaintiff. The case is remanded to Local Board No. 82 with instructions to reopen plaintiff's case and consider his conscientious objector claim on the merits, affording him all the procedural rights to which he is entitled under the applicable law and regulations.

3. United States v. Gearey, 2 Cir., 1966, 368 F.2d 144, cert. denied, 1967, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368, rehearing denied, 1967, 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611; Keene v. United States, 10 Cir., 1959, 266 F.2d 378; Scott v. Commanding Officer, Volatile, 3 Cir., 1970, 431 F.2d 1132. The First Circuit has cited United States v. Gearey with approval in United States v. Stoppelman, 1 Cir., 1969, 406 F.2d 127, 131 n. 7.

4. Ehlert v. United States, 9 Cir., 1970, 422 F.2d 332, cert. granted, 1970, 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808; United States v. Schoebel, 7 Cir., 1963, 201 F.2d 31; United States v. Jennison, 6 Cir., 1968, 402 F.2d 51, cert. denied, 1969, 394 U.S. 912, 89 S.Ct. 1024, 22 L.Ed.2d 225; United States v. Helm, 4 Cir., 1967, 386 F.2d 434, cert. denied, 1968, 390 U.S. 958, 88 S.Ct. 1045, 19 L.Ed.2d 1153; United States v. Al-Majied Muhammad, 4 Cir., 1966, 364 F.2d 223.