**UNITED STATES of America ex rel. Richard Charles GEIGER, Petitioner-Appellant,**

v.

**Lt. Col. Willie H. McBEE, Respondent-Appellee.**

**No. 18325.**

United States Court of Appeals, Seventh Circuit.

June 5, 1970.

Rehearing Denied Aug. 28, 1970.

Stanley A. Bass, Community Legal Counsel, Michael E. Povich, Cook County Legal Assistance, Chicago, Ill., for petitioner-appellant.

Thomas A. Foran, U. S. Atty., Eugene Robinson, Chicago, Ill., for respondent-appellee; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge and CUMMINGS, Circuit Judge.

DUFFY, Senior Circuit Judge.

On March 5, 1970, petitioner Geiger submitted to induction pursuant to an order of his Draft Board. He then immediately filed a petition for a writ of habeas corpus challenging the validity of the order. The District Court denied the petition and petitioner appealed to this Court. We temporarily enjoined the commanding officer of the Induction Station from removing petitioner from the district for a period to and including March 11, 1970. Thereafter, we continued the injunction pending this appeal.

After petitioner's eighteenth birthday in 1965, he registered for the draft with Michigan Local Board 102. He then lived in Michigan. Petitioner's questionnaire disclosed that he was, at that time, a full time student at the University of Michigan.

On April 21, 1965, petitioner was classified II–S by Local Board 102. For a short period thereafter, petitioner was

classified I–A because of his failure to advise the Board that he still was attending school. Then, on February 16, 1966, he was reclassified as II–S, and for the next two years (until July 9, 1968) this classification continued. When he was graduated from the University of Michigan, he was again classified as I–A.

On September 11, 1968, petitioner was classified II–A because of his teaching activities in Detroit "core-area" schools. On October 9, 1968, Local Board 102 received notification from the University of Illinois, advising that Geiger had enrolled as a first year law student. On December 10, 1968, Geiger was reclassified as I–A and ordered on January 15, 1969 to report for a physical examination to be held February 3, 1969.

There were other shifts in petitioner's classification which need not be detailed except to note that on July 16, 1969, Geiger wrote to the Clerk of Local Board 102, requesting an application form for status as a conscientious objector. This form was promptly mailed to him but he did not return same to the Board.

In the summer of 1969, Geiger was working for VISTA (Volunteers In Service To America), a branch of the Office of Economic Opportunity (O.E.O.). He requested draft deferment for the summer. This was denied on August 26, 1969 which was four days before the end of his summer employment with VISTA.

Geiger again secured employment with VISTA, this time for a one-year period until October 1970. On September 23, 1969, Kenneth Howell, a Division Director of the Program, wrote to Board 102 requesting an occupational deferment for Geiger. Howell advised that Geiger had organized tenant unions and had successfully caused the rehabilitation of apartment buildings. Howell stated that Geiger offered a unique and valuable contribution to work that must continue.

On October 22, 1969, Local Board 102 advised that " * * * the information submitted did not warrant reopening of * * * " Geiger's classification. On November 5, 1969, Geiger wrote a letter to the Government Appeal Agent in which he elaborated on facts connected with his VISTA employment which, he claimed, demonstrated he could not be replaced. This letter was received on November 10, 1969. He requested the Appeal Agent to unequivocally advise the Board to reopen his case. Previously, two similar letters had been sent by Geiger to the State Director and the National Director.

On November 14, 1969, the Appeal Agent wrote to Local Board 102 stating " * * * that the services rendered by [Geiger] to the Community Legal Counsel indicating his employment in the Office of Economic Opportunity, VISTA, is not that type of service commanding an occupational deferment."

Previously, on November 10, 1969, the Local Board had issued an order for Geiger to report for induction on December 8, 1969. Later, the induction was transferred to Chicago where Geiger was residing and working, and Geiger was ordered to and did report on March 5, 1970 as hereinbefore stated.

Congress has provided for deferment from training and service in the armed forces, for persons whose employment is found to be necessary to the maintenance of the national health, safety or interest, providing such deferments be upon the basis of the individual status of each registrant. Title 50 App.U.S.C. § 456(h) (2).

On April 19, 1968, the Director of Selective Service issued Local Board Memorandum No. 95 concerning the policy of that Agency with respect to occupational deferments. Each Local Board was thereafter vested with the discretion to grant, in individual cases, occupational deferments based on a showing of essential community need.

On August 26, 1969, the Michigan State Appeal Board which had jurisdiction of the area in which Geiger's Local Board is located, made a final determination of Geiger's classification. Prior correspondence contained in the file concerned Geiger's summer employ-

ment with VISTA and also contained a specific request for an occupational deferment based on that employment. On this appeal, Geiger does not challenge that determination of the Michigan Appeal Board.

On this appeal, he argues that his *subsequent* assignment to the VISTA program for a *one-year period* was not considered by the Board when he was classified. He also argues that a state memorandum issued by the State Director of Selective Service for the State of Illinois recommending that a registrant's engagement in VISTA be considered for occupational deferment was sufficient to create a basis for the reopening of his classification.

This Court may take judicial notice of the recent public announcement by the Office of Economic Opportunity stating it would no longer support draft deferments for VISTA volunteers. However, we must judge the action of the Board here in question in light of the conditions which existed as of the date when the Board's decision was made. Very likely, at that time, a number of such deferments were granted by various Boards.

■ The burden is upon the registrant to establish his entitlement to any classification other than I–A. United States of America ex rel. Luster v. McBee, 422 F.2d 562 (7 Cir., 1970); United States of America v. Porter, 314 F.2d 833, 835 (7 Cir., 1963), 32 C.F.R. § 1622.1 (c) (1969).

In *Luster, supra,* at page 566, we also stated " * * * the scope of judicial review of a draft classification is limited to the narrow question of whether there was any basis in fact for the board's order. * * * So long as there is a basis in fact for the board's decision to classify the appellant I–A and to deny his request for a III–A deferment, this court's scope of review ends * * *."

Petitioner Geiger argues that the Local Board was under an obligation to reopen his classification upon receipt of the information concerning his one-year employment with VISTA. Such information came from Geiger and from various of his superiors at VISTA.

The question of when a Local Board is required to reopen was recently clarified by this Court in the case of United States of America ex rel. Luster v. McBee, *supra,* at page 567. We stated therein "There is no dispute as to the legal standard for determining whether the local board was under a duty to reopen appellant's classification. A local board is required to reopen a registrant's classification upon receipt of new information presenting facts not considered when he was previously classified, which facts, if true, would require or entitle him to reclassification, *i. e.,* a prima facie case. * * * Accordingly, a local board may properly determine not to reopen if either 1) the information presented by the registrant 'fails to present any facts in addition to those considered when the registrant was [previously] classified' or 2) 'even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in the registrant's classification.' 32 C.F.R. § 1625.4 (1969)." The Local Board had the discretion to grant or deny occupational deferments for VISTA service for both the summer and the one-year employment.

It is very clear from this record that the Local Board did know of Geiger's employment by VISTA, first for the period of a summer vacation and thereafter for a one-year period. In fact, on November 14, 1969, the Government Appeal Agent returned Geiger's file to his Board and in a letter to it, stated he was of the opinion that Geiger's VISTA employment was not of the type which commanded an occupational deferment from his Local Board.

It is quite apparent that Geiger and his friends in VISTA made a determined, extended and persistent effort to obtain a change in Geiger's classification. Appeals were made to the State Director. Thereafter, Geiger's file was forwarded

to the Director of Selective Service at Washington, D. C. for review.

We think it was reasonable for the Board to believe that the national health, safety or interest would not be affected unless Geiger were deferred. The Board undoubtedly did not believe that the VISTA objectives of the Community Legal Counsel would experience a loss of effectiveness by Geiger's departure for the service. The record before the Board showed that Geiger had commenced his employment for one year only a very short time before his employer requested a deferment for him.

We are of the view that there was a substantial compliance by Local Board 102 with the requirements of the pertinent regulations; that the Board did not act arbitrarily and capriciously in classifying Geiger as I–A and in its denial of Geiger's request for reopening.

██ We hold that the record clearly shows a basis in fact for Geiger's I–A classification.

The Order of the District Court denying Geiger's petition for a writ of habeas corpus will be and is affirmed.

The restraining order and injunction hereinbefore entered will be dissolved.

Affirmed and injunction dissolved.